CASE 81.—ACTION BY OSCAR MORGAN AGAINST THE LEX-
INGTON HERALD COMPANY.—June 10, 1910.

## Morgan v. Lexington Herald Co.

Appeal from Mason Circuit Court.

C. D. NEWELL, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Libel and Slander—Evidence—Mitigation of Damages.—
Where, in an action for libel in the publication of an arti-
cle that plaintiff and four negroes had been arrested for impli-
cation in certain fires, defendant admitted plaintiff's inno-
cence, but pleaded the existence of rumors as to his guilt and
information furnished its correspondent by a reliable person
in mitigation of damages, denying that plaintiff had been
damaged in view of an immediate retraction, evidence that
such rumors were rife in the community, and that he had
not been injured by the publication of which he complained,
but that the publication and the retraction together bene-
fited him as calculated to set the rumors of his guilt at rest in
the community, was admissible.

2. Witnesses—Cross-Examination—Prior Arrest.—Where, in an
action for libel, plaintiff answered, in response to the ques-
tion of his counsel as to whether he had been arrested as
stated in the publication, that he had never been arrested on
that or any other charge, defendant on cross-examination was
entitled to ask him with reference to his having in fact been
arrested on a different charge.

3. Libel and Slander—Instructions.—An instruction that, the
publication having been admitted, the jury should find for
plaintiff such sum as would reasonably compensate him for
the mental distress and injury to his character, if any, the evi-
dence showed he had sustained by the publication, and if
the publication was induced by malice, or was in reckless dis-
regard of plaintiff's rights, they might also assess punitive
damages, but that unless the jury believed from the evidence

that plaintiff had been damaged as alleged, they should find for defendant, is in effect a directed verdict for at least nominal damages, and was not error.

4. Appeal and Error—Verdict—Nominal Damages.—Where, in an action for libel, the jury found that plaintiff had not been substantially damaged and rendered a verdict for defendant, such verdict will not be disturbed on appeal, though plaintiff was entitled to recover nominal damages.

ALLAN D. COLE and C. B. MORFORD for appellant.

S. S. YONTES, JNO. P. McCARTNEY and F. H. McCARTNEY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment entered in the court below upon a verdict in favor of appellee returned by the jury in an action for libel brought against it by appellant.

The alleged libel which appeared in appellee's daily newspaper, the Lexington Herald, Saturday, May 2, 1909, was as follows: "Oscar Morgan, a white man, and four negroes, were arrested at Mays Lick last night on a charge of being implicated in the fires that have occurred at that place. Other arrests will probably be made. Soldiers were in Flemingsburg last night." The information contained in the above publication was received by appellee in the usual course of business from its Mason county correspondent, who regularly reported to it news of interest from that county. On Sunday, May 3, 1909, the day following the publication in question, the Lexington Herald published a retraction thereof in the following communication, also received from its Mason county correspondent: Ewing, Ky., May 2d, 1909. To the Editor of the Herald: My report of Oscar's Morgan's arrest at Mays Lick was from the information

given me by a man in whom I had confidence, but the story proves to be groundless. The report is hereby. retracted. R. S. Porter, Correspondent.''

Appellee's answer contained a traverse of the averments of the petition as to the damages claimed by appellant, specifically denying that he had been injured in his reputation or feelings by the publication complained of. In a second paragraph appellee set out the alleged libelous publication, the retraction contained in the next issue of its newspaper, and the circumstances under which both were published, in substance averring that the publication complained of was made by it without malice, in the usual course of business as a newspaper, relying upon the care, prudence, and honesty of the correspondent furnishing the communication and believing it to be true; that the information upon which the correspondent acted in sending it was received by him from a reliable person, and that it was currently reported in the community where appellant lived that he was implicated in the burning of the tobacco barns and other buildings at or near Mays Lick; that, when the correspondent learned the falsity of the information and rumors connecting appellant with these burnings, he at once sent to appellee the retraction mentioned; and the latter caused it to be published in its newspaper on Sunday the day succeeding the issue in which the alleged libelous publication appeared, giving the retraction a conspicuous place in its columns; that the Sunday circulation of the newspaper was as large or larger than its circulation on other days; that the circulation of the published retraction was beneficial to appellant; and that he was not injured by the publication of the previous day.

On the trial appellee was permitted to prove that rumors connecting appellant with the barn burnings were rife in the community where he resided; that bloodhounds had been used in trailing about and on his premises following the fires; and that he had not been injured by the publication of which he complained, but that the publication and retraction taken together benefitted him, as they were calculated to refute, and did in some measure set at rest, the many rumors of his guilt current in the community. It is contended for appellant that the evidence in question was incompetent, and should have been excluded. We do not concur in this view. Although the answer as already indicated admits appellant's innocence of the charge contained in the publication, it pleads and relies upon the existence of the rumors as to his guilt and information furnished its correspondent by a reliable person, in mitigation of damages, and charges that he was not damaged at all by the publication in view of the immediate retraction. Therefore proof of the rumors and the circumstances connected with and giving rise to them, such as the trailing of the bloodhounds and that the rumors and work of the hounds had been reported to appellee's correspondent by the reliable person from whom he obtained the information upon which the publication was based, was competent, not to justify the publication or to show appellant's guilt, but in mitigation of damages, and the jury were instructed to consider it for that purpose alone. As was said by this court in Calloway v. Middleton, 2 A. K. Marsh. 372, 12 Am. Dec. 406: "It is perfectly clear that the previous existence of the slanderous report, or the general reputation of the fact, could not amount to a justification of the defendant in retracting the charge; for

every one who gives currency to a slanderous re-
port becomes responsible for its truth, and most cer-
tainly neither general report nor general reputation
is admissible evidence of the truth of·a particular
fact.  But malice is the gist of the action of slander,
and the degree of the responsibility of one who pub-
lishes slanderous words must be proportioned to the
malignity of the motives with which he is actuated in
making the publication.  Whatever, therefore, tenas
to diminish the malignity of the person who utters a
slander, though no evidence of its truth, must lessen
the degree of his responsibility; and most indisputa-
bly one who only gives currency to a report already
in existence cannot be guilty of the same degree of
malignity as one who is the prime author or original
fabricator of the slander.  The evidence, therefore, of
the previous existence of the slanderous report in
question, in this case, though not amounting to a
justification of the defendant, was admissible in miti-
gation of damages.  The weight of such evidence and
the extent to which it should operate to mitigate the
damages must depend upon the circumstances of the
case, and on matters properly and exclusively belong-
ing to the jury to determine, but cannot affect the
question of its admissibility.''

It is also complained by appellant that counsel for
appellee was permitted to ask him upon cross-examin-
ation if he had been arrested upon a charge other
than the one charged in the publication, and that he
was compelled to admit such arrest.  As an original
proposition such an inquiry of the appellant would
have been incompetent, and he could not legally have
been required.to answer it, but before he was asked
the question by appellee's counsel he had, in response
to a question in chief from his own counsel as to

vol. 138—41

whether he had been arrested as stated in the publication, answered in the negative, and, in addition, unnecessarily volunteered the statement that he had never been arrested on that or any other charge. In answering the question of appellee's counsel on cross-examination appellant admitted his arrest upon another charge, but did not state, and was not required to state, the nature of the charge or when the arrest was made. It will thus be seen that his own error occasioned the asking of the question objected to. This being true, he is estopped to complain of the court's refusal to exclude it; at any rate, the ruling of the court cannot, under the circumstances, be regarded as reversible error.

Appellant also complains that the court improperly instructed the jury. This complaint is likewise untenable. By the first instruction the jury were told, in substance, that, the publication complained of being admitted by the answer, they should find for appellant such a sum as they might believe from the evidence would reasonably compensate him for the mental distress and injury to his character, if any, of either, the evidence showed he had sustained by the publication in question; and if they believed from the evidence that the publication was induced by malice on the part of the appellee toward appellant, or in reckless disregard of the latter's rights, they might in their discretion find, in addition to compensatory damages, punitive damages, in all not to exceed $5,000 but that, unless the jury believed from all the evidence appellant had been damaged as set out in the instruction, they should find for appellee. The second instruction, in substance, advised the jury that the retraction published by appellee and the evidence as to circum-

stances and current rumors connecting appellant with the house burning referred to in the publication complained of should be considered by them only in mitigation of damages. The third and last instruction correctly defined both compensatory and punitive damages. Only the first instruction seems to be objected to, but we do not think the objection sound. The instruction in effect directed a verdict for nominal damages, but the jury refused to allow any damages. Perhaps this was because they believed the evidence authorized the conclusion that appellant's character was, before the publication in question, so injured by the current rumors connecting him with the house burnings in his community that the publication brought to him no additional odium and caused his character no injury.

The principal issue made by the answer was not that the appellant was guilty of the barn burnings imputed to him by the publication, or that the rumors connecting him with those crimes justified the publication, but that in the estimation of his acquaintances his character was so injured before the publication that it did not damage him, and that this fact, together with the immediate publication of the retraction, placed him in a much more favorable light before the public than that in which he stood before the publication. The vital question in the case was whether appellant was damaged by the publication, and this court will not set aside the verdict of a properly instructed jury because it found that he was not damaged; especially is this true when it is reasonably apparent from the evidence as in this case that only nominal damages were recoverable.

The judgment is affirmed.