## Greenberg v. Hyman & Oppenheim.

(Decided June 19, 1914.)

### Appeal from Jefferson Circuit Court.
### (Common Pleas Branch No. 3).

1. New Trial—Discretion of Court in Granting.—The discretion of a trial court in the granting of a new trial will not be interfered with on appeal unless the discretion appears to have been abused.

2. New Trial—Discretion of Court in Granting.—Even though it does not appear from the record the ground upon which the trial court granted a new trial, yet if it appears from the proceedings upon the last trial that substantial justice was done between the parties, this court will not interfere with the discretion exercised upon the first trial.

ELMER C. UNDERWOOD, HUSTON QUIN for appellant.

JOSEPH SELLIGMAN, ALFRED SELLIGMAN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant keeps a hair store and factory in the city of Louisville wherein she sells and manufactures wigs and other hair goods. Appellees are wholesale hair dealers in the city of New York.

This action was originally instituted by appellees against appellant on an account for $528.00; there is no serious complaint as to the correctness of the account, but the appellant filed an answer, set-off and counterclaim wherein she alleged a breach of contract upon the part of appellees to furnish her with certain hair goods for manufacture and sale, and claiming damages in the sum of $1,150 for their failure so to do.

Upon the first trial there was a verdict for the defendant on her counterclaim for $1,150 in damages less the amount of the plaintiff's account. The plaintiffs filed motion and ground for a new trial, which was sustained, and a new trial was granted without anything in the record to show upon what ground.

Upon another trial there was a judgment for the appellees for the full amount of their account, and also a judgment dismissing the counterclaim of the appellant. From that judgment this appeal is prosecuted, and it is urged for appellant that the new trial was improperly granted, and that the last judgment should be reversed with directions to render a judgment on the first verdict.

While it is not shown by the record upon what ground the lower court granted a new trial it is fairly apparent that it was granted either upon the ground that the instructions were erroneous or that the evidence did not sustain the verdict.

An instruction given upon the first trial authorized a recovery by the defendant on her counterclaim if the plaintiffs made an agreement to deliver the Chinese hair *within a reasonable time,* and failed to do so; when in her pleadings it was alleged by the appellant that the hair was to be delivered to her in such quantities and at such times as she might designate *within six weeks* from the date of the contract and not within a reasonable time as set forth in the instruction. The lower court might have been, and doubtless was, of opinion that this instruction for that reason did not fairly submit the issue.

But it is argued by appellant that this was an immaterial variance between the pleading and the instruction, and that inasmuch as it did not affect the merits of the controversy it did not justify the granting of a new trial. However this may be, and whatever may be the opinion of counsel or of this court, the judge of the lower court might have thought differently, and he being present and having presided at the trial, and being familiar with all the proceedings had thereon, this court would not feel justified in interfering with his discretion exercised under those conditions.

The rule that the discretion of a trial court in the granting of a new trial will not be overridden unless it appears to have been abused is too well known and recognized to call for citation of authority.

After reading the evidence, and in view of the fact that the trial court was present and witnessed all of the proceedings on the trial, saw and heard all of the witnesses, and witnessed their demeanor on the stand, we are not prepared to say that the granting of the new trial upon the ground that the evidence did not sustain the verdict would have been an abuse of his discretion. Upon the last trial, the evidence was in a general way the same as upon the first trial, and the jury returned a verdict for the plaintiffs and against the defendant on her counterclaim, and that fact of itself is strongly persuasive that the trial court did not abuse its discretion in granting a new trial in the first instance.

We are of opinion that substantial justice was done upon the final trial, and as said in Miller v. Ashcraft, 98 Ky., 314: * * *

"The course of this court has been uniformly to decline to set aside the order granting a new trial unless there has been some reason for apprehending that justice was not eventually done."

The judgment is affirmed.