## Reid v. Nichols.

(Decided October 27, 1915.)

Appeal from McCracken Circuit Court.

1. Trial—Trying Cases Together.—Where several actions are brought by one plaintiff against different defendants and the issues are. the same in each action, the court may, in order to avoid unnecessary delay and expense, order them to be tried together. Whether the cases should be tried together is a matter in the discretion of the court, and such discretion will not be interfered with on appeal unless it is clearly made to appear that the discretion was abused.

2. Trial—Trying Cases Together.—Where plaintiff brings two separate actions, one against a reporter of a newspaper for writing and causing to be published a libelous article, and the other against the owner of the paper for publishing it, and the issues and the evidence are precisely the same in each action, and it not appearing that a joint trial would place plaintiff in a position not occupied by his adversaries, or would probably give them an undue advantage in the trial, it is not an abuse of discretion on the part of the trial court to order the two cases tried together.

3. Libel and Slander—Pleadings—Instruction—Section 2438b, Kentucky Statutes, 1915.—Section 2438b of the Kentucky Statutes, 1915, in regard to retraction of a libelous article, merely confers upon the defendant the right to show the retraction for the purpose of defeating punitive damages. It does not confer upon the plaintiff the right to show a failure to retract for the purpose of aggravating such damages where no retraction is demanded by plaintiff; and in an action for libel it is not error to strike from a pleading the allegation that defendant failed to publish a retraction within the time limit fixed by the statutes, or to refuse to give an instruction based on such allegation.

4. Libel and Slander—Punitive Damages—Instruction.—In an action for libel against a newspaper reporter, an instruction telling the jury that they could not find punitive damages if they believed from the evidence that the defendant "at the time said article was written by him and caused to be published in 'The Paducah Evening Sun,' had received such information as would lead a reasonably prudent person to believe, and the defendant did believe, that the plaintiff was the near relative who was accused of murdering Marshall T. Finley, and wrote and caused to be published said article as a matter of news, in good faith, and without any actual malice toward plaintiff, and did not in a wanton and reckless disregard of plaintiff's right publish said article of and concerning him," since it does not require belief, upon reasonable grounds, in the truth of the charge contained

in the libelous article, but mere belief, upon reasonable grounds, that the plaintiff is the person accused of the crime.

D. G. PARK for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for libel, plaintiff, John Randolph Reid, recovered of the defendant, Bell Nichols, a verdict and judgment for one cent and costs. · Reid appeals.

Briefly stated, the facts are these: One Marshall T. Finley, was found dead, and Bell Nichols, a reporter for the Paducah Evening Sun, wrote an article which was published in that paper on August 5th, 1913, which, in substance, charged plaintiff, John Randolph Reid, with the murder of Finley. Thereupon, Reid sued the Sun Publishing Company, the owner of the paper, for damages. The trial resulted in a verdict and judgment in his favor for one cent and costs. On appeal to this court the judgment was reversed and the cause remanded for a new trial, in an opinion which may be found under the title of Reid v. Sun Publishing Company, in 158 Ky., at page 727, and which sets out at length the libelous article compained of. After the reversal plaintiff brought this action. Over the objection of plaintiff, the cases were tried together and heard by one jury. The trial resulted in a verdict and judgment for $400.00 against the Sun Publishing Company and in the verdict and judgment against Nichols above indicated.

The first question presented is, did the trial court err in ordering the two cases to be tried together? Plaintiff insists that as the actions were separate, he had the right to have a separate trial as to each defendant. The rule seems to be well settled that where several actions are brought by one plaintiff against different defendants, or by different plaintiffs against one defendant, and the issues are the same in each action, the court may, in order to avoid unnecessary delay and expense, order them to be tried together. Whether the cases should be tried together is a matter in the discretion of the court, and such discretion will not be interfered with on appeal unless it is clearly made to appear that the discretion was abused. St. Louis, etc. R. Co. v. Harden, 83 Ark., 255;

103 S. W., 614; Walker v. Conn, 112 Ga., 314; 37 S. E., 403; Anderson v. Sutton, 2 Duv., 480; Sullivan v. Boston Electric Light Co., 181 Mass., 294; 63 N. E., 904; Worley v. Glentworth, 10 N. J. L., 241; Jackson v. Leggett, 5 Wend., 83; Taylor v. Standard Brick Co., 66 Ohio St., 360; 64 N. E., 428; Peterson v. Dillon, 27 Wash., 78; 67 Pac., 397; New York Mut. L. Ins. Co. v. Hillmon, 145 U. S., 285; 12 S. Ct. 909; 36 L. Ed., 706; Benge's Admr. v. Fouts, 163 Ky., 796. Here the defendant Nichols was employed by the defendant Sun Publishing Company. He wrote the libelous article and had it printed in the paper published by the Sun Publishing Company. The issue and the evidence being the same and it not appearing that a joint trial would place plaintiff in a position not occupied by his adversaries, or would probably give them an undue advantage in the trial, we cannot say the trial court abused its discretion in ordering the two cases tried together.

Another ground urged for reversal is the alleged error of the court in striking from plaintiff's reply an allegation to the effect that defendant failed to publish a retraction within the time limit fixed by the statute, and in refusing to give an instruction based upon such allegation. The statute (2438b Kentucky Statutes 1915) prescribing the effect of a retraction in case of libel, is as follows:

"1. Effect of retraction. That in any civil action for libel, charging the publication of an erroneous statement, alleged to be libelous, it shall be relevant and competent evidence for either party to prove the fact that the plaintiff requested retraction or omitted to request retraction.

"The defendant may also allege and give proof that the matter alleged to have been published, and to be libelous, was published without malice, and that the defendant in the next regular issue of the newspaper or publication, after receiving demand in writing or within seven days if no such demand is made to correct and to retract said statement, or in the next regular issue of the newspaper or publication did publish a sufficient correction, retraction, explanation or rectification, as conspicuously and publicly as that in which said alleged libelous statement was published, in the same type and in the same place in at least two successive issues of the same periodical publication accompanied by editorials in which the alleged slander is specifically repudiated.

"Upon proof of such facts, the plaintiff shall not be entitled to punitive damages; and the defendant shall be liable only to pay actual damages. And upon the publication of such correction, retraction, explanation or rectification, the defendant may plead same in mitigation of damages.

"2. Repealing clause. All acts or parts of acts in conflict herewith are hereby repealed."

It will be observed that the statute, after providing that either party may prove the fact that the plaintiff requested retraction or omitted to request retraction, further provides that the defendant may also allege and give proof that the matter alleged to have been published, and to be libelous, was published without malice, and that he published a correction, retraction, explanation or rectification in the manner provided by the statute. In other words, the statute confers upon the defendant the right to show the retraction for the purpose of defeating punitive damages. It does not confer upon the plaintiff the right to show a failure to retract for the purpose of showing malice or aggravating such damages, where, as in this instance, no retraction was demanded by plaintiff. The court, therefore, did not err in striking from plaintiff's reply the allegation referred to, or in refusing to give an instruction based on such allegation.

Omitting the libelous article, which is too long to be published, the court instructed the jury as follows:

"Instruction No. 1. It is admitted by the pleadings and is the undisputed evidence in this case that the defendant, Bell Nichols, on the 5th day of August, 1913, wrote and procured to be printed and published in the 'Paducah Evening Sun' the following article, to-wit: (Here follows the libelous article).

"And the court now instructs you that the law presumes that defendant wrote and procured said article to be published maliciously, or with malice, and the court further instructs you to find for the plaintiff such sum in damages as you may believe, from the evidence, will reasonably compensate him for injury to his character, if any, caused by the writing and publishing of said article by defendant; or humiliation and mortification to his feelings, if any of either, so caused; for mental anguish, if any, so caused; but not exceeding the amount claimed in the petition, to-wit, ten thousand dollars ($10,000.00), and you will at least find for plaintiff nominal damages.

And the court further instructs you that you may, or may not, in the exercise of your sound discretion, in addition to the compensatory damages above mentioned, assess such exemplary or punitive damages as you may think right and proper under the facts proven in this case, unless you shall believe, from the evidence, the facts stated and mentioned to you in instruction No. 3 herein.

"Instruction No. 2. The court further instructs you that if you shall believe from the evidence, that at, or previous to, the time said article was written and caused to be published of and concerning plaintiff by the defendant Nichols, in the 'Paducah Evening Sun,' it was circulated and rumored generally in McCracken County, and in the city of Paducah, and in the vicinity of Marshall T. Finley's home, that said Finley had been murdered, and that some of his near relatives had murdered him, and that plaintiff was the relative who was accused of murdering him, then you may consider these facts in mitigation of damages, if any, you find for the plaintiff.

"Instruction No. 3. The court further instructs you that if you shall believe from the evidence that the defendant Nichols, at the time said article was written by him and caused to be published in 'The Paducah Evening Sun,' had received such information as would lead a reasonably prudent person to believe, and the defendant did believe, that the plaintiff was the near relative who was accused of murdering Marshall T. Finley, and wrote and caused to be published said article as a matter of news, in good faith, and without any 'actual malice' towards plaintiff, and did not in a wanton and reckless disregard of plaintiff's right publish said article of and concerning the plaintiff, then you cannot find for the plaintiff punitive damages as mentioned to you in instruction No. 1, but you may find for him compensatory damages as herein instructed."

While, under the facts in the particular cases, this court has apparently approved instructions imposing upon the plaintiff the burden of proving malice in cases of words libelous *per se*—Morgan v. Lexington Herald Co., 138 Ky., 637; 128 S. W., 1064—the settled rule in this State is that where the publication is libelous *per se*, the law presumes malice and authorizes a recovery of punitive damages. Tenner v. Stevenson, 138 Ky., 578; 30 L. R. A. (N. S.), 200; Pennsylvania Iron Works Co. v.

Henry Vogt Machine Co., 139 Ky., 497; 8 L. R. A. (N. S.), 1023; Nicholson v. Merritt, 109 Ky., 369; Nicholson v. Merritt, 23 Ky. L. R., 2282; 67 S. W., 5; Reid v. Sun Publishing Company, *supra*. And this presumption of malice remains throughout the entire case until it is rebutted by proof of a contrary motive or of the truth of the matter published. Riley v. Lee, 88 Ky., 614; 11 S. W., 713; Courier-Journal Company v. Sallee, 104 Ky., 341. Instruction No. 1 is in accord with these opinions and tells the jury that the law implies malice and authorizes a finding of both compensatory and punitive damages. It goes further, however, and denies the right to find punitive damages if the jury believe the facts set out in instruction No. 3. In other words, the court holds, as a matter of law, that no punitive damages should be allowed if the defendant had received such information as would lead a reasonably prudent person to believe, and the defendant did believe, that the plaintiff "was the near relative who was accused of murdering Marshall T. Finley," and wrote and caused to be published said article as a matter of news, in good faith and without any actual malice towards the plaintiff, and did not in a wanton and reckless disregard of plaintiff's right publish said article of and concerning the plaintiff. While there are numerous cases holding that, on the question of malice, any competent evidence legitimately tending to show that the publication was made in good faith and under belief in its truth is admissible—State v. Clyne, 53 Kan., 8; 35 Pac., 789; People v. Stark, 59 Hun (N. Y.), 51; 12 N. Y. Suppl. 688 (affirmed in 136 N. Y., 538)—we are not aware of any case going to the extreme laid down in the instruction complained of. It does not require belief, upon reasonable grounds, in the truth of the charge contained in the libelous article, but mere belief, upon reasonable grounds, that the plaintiff is the person accused of the crime. To publish of one that it is rumored that he has committed a murder, is, in effect, to charge him with murder; and we are unable to see how belief in the fact that the person, concerning whom the charge is made, is the person accused, can in any way affect the question of malice. We, therefore, conclude that instruction No. 3 is erroneous. On another trial the court will omit this instruction and will also omit from instruction No. 1 the concluding words, "unless you shall believe from the evidence the facts stated and mentioned to you in instruc-

tion No. 3 herein, and substitute therefor the words "unless you shall believe from the evidence that the publication of the article was not made without malice, in which event you will not· find any punitive damages against the defendant."

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Whole court sitting.