# Paducah Traction Company v. Walker's Administrator.

## Same v. Waller's Administrator.

(Decided April 27, 1916.)

### Appeals from McCracken Circuit Court.

1. . Appeal and Error—Joinder—Discretion of Lower Court.—Whether cases by different plaintiffs against the same defendant involving the same issues should be tried together is a matter in the discretion of the trial court, and such discretion will not be interfered with on appeal unless it was clearly abused.

2. Street Railroads—Schedule—Evidence.—Evidence of the schedule time of a street car over the route where an accident occurred is competent where it alleged the car was being operated negligently at the time of the accident.

3. Street Railroads—Negligence—Instructions.—Last clear chance instruction is proper after instruction on contributory negligence where the evidence tends to show that by the exercise of ordinary care a motorman could have discovered the peril of a person on the track in time to have stopped the car with safety to the car and passengers so as to have avoided the accident.

4. Negligence—Imputed Negligence.—One riding in a vehicle is not chargeable with the negligence of the driver, unless the relationship of master and servant or principal and agent exists, or the parties are shown to be engaged in a joint enterprise.

5. Street Railroads—Operation.—A street car must have been running at a reasonable rate of speed to relieve the company from liability for injury to a person suddenly coming on the track in front of the car.

6. New Trial—Inadequacy of Verdict.—A new trial cannot be granted upon the sole ground of inadequacy of the verdict in any action whether in contract or tort on which it is sought to recover damages, independent of special damages.

WHEELER & HUGHES for appellant.

· BERRY & GRASSHAM and HAZELIP & KAHN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE.—Reversing.

On September 19, 1914, two negro boys, Dewey Walker and Glen Waller, each fourteen years of age, were riding in the back end of a spring wagon with their feet hanging out, going north on Seventh street in the city of Paducah, when one of appellant's street cars, going west on Clark street, collided with the wagon at the intersection of said streets, with the result that these two boys were killed.

Two other boys on the seat in the front end of the wagon escaped without injury.

To recover for the death of these boys their administrators filed separate suits against appellant. Upon motion of the appellees and over the objection of appellant the cases were tried together, resulting in separate verdicts and judgments in favor of each of the appellees in the sum of $175.00. Upon motion of appellees these judgments were set aside and new trials awarded. At the second trial the court again, upon a similar motion and objection, ordered the cases tried together, and appellees were awarded separate verdicts and judgments for $1,000.00 each. Appellant's motion for a new trial having been overruled, as were its motions to set aside the second judgments and substitute therefor the judgments on the first trial, it is appealing.

The following errors assigned in the motions for new trials are relied upon here for reversals: (1) That the court erred in ordering the cases to be tried together. (2) That the court erred in admitting over appellant's objection evidence showing the schedule fixed by the company for the street car over the route where the accident occurred. (3) That the court after having given an instruction upon contributory negligence erred in giving an instruction on the "last clear chance." (4) That contributory negligence was established without contradiction and the court erred in overruling motions for a peremptory instruction. (5) That the court set aside the first judgments of $175.00 each and granted appellees new trials upon the ground that they were inadequate, and that this was error.

1. Appellant contends that while this court is committed to the rule where there are several actions brought by different plaintiffs against one defendant, and the issues are the same in each action, the court may try them together, this rule never has been and should not be extended to death cases because the shocking details of two or more deaths submitted to one jury would necessarily have a tendency to prejudice the jury and place the defendant at such a disadvantage that a fair trial would be impossible. We do not think, however, that the rule ought to be limited to any particular class of cases, but that its application ought always to rest in the sound discretion of the trial court. The rule as stated in Benge's Admr. v. Fouts, 163 Ky. 797, does this and is as follows:

"Ordinarily where several actions are brought by different plaintiffs against the same defendant and involving the same issues, the court may order them tried together, but where the issues in the several cases are such as must be tried by a jury, and there is objection from one of the parties, and the circumstances are such that the trial of the cases together would tend to place the objecting party in a position not occupied by his adversaries, and that would probably give the latter an undue advantage in the trial, the court should not permit them to be tried together. Whether the cases should be tried together is a matter in the discretion of the court, and such discretion will not be interfered with on appeal unless it is clearly made to appear that the discretion was abused."

The rule is approved in Reid v. Nichols, 166 Ky. 424, and authorities from many jurisdictions are there cited sustaining it. There is nothing in the records or verdicts in these cases indicating that the trial court abused such discretion, and we are convinced that any effort to prescribe the conditions for its application would injure rather than improve the rule.

2. Appellant's objection to the evidence showing the schedule of the street car over the route where the accident occurred is without merit. The speed of the car as it approached the crossing was a necessary element of the alleged negligence, about which the evidence is very conflicting, and the schedule time the motorman was expected to make was a relevant circumstance although it was of but little probative value. It was nevertheless a fact directly involved in the operation of the car and may or may not have tended to support appellees' contention that appellant was operating this car negligently. Whether or not the schedule time affected the rate of speed at the time and place of the accident was for the jury to decide. Appellant had the right and was permitted to show the actual speed at the time and that the appellees argued or the jury may have believed the established schedule caused the car to be driven too rapidly at the time could not affect the admissibility of the evidence, for if the schedule prepared by such a company should in fact cause the motorman to disregard his duty to have his car under control at such a place, it certainly would not be argued such testimony was incompetent. Appellant cites no authority, and has advanced no convincing argu-

ment in· support of its contention. We think this evidence was competent and properly admitted.

3.   The instruction given which appellant insists was error is as ·follows:

"The court further instructs you that although you may believe from the evidence that the driver of the wagon or vehicle mentioned to you in evidence, on the occasion complained of, was guilty of negligence as defined to you by ·instruction No. 3, and the plaintiff was guilty of negligence as defined to you by instruction No. 4; yet if you shall further believe from the evidence that defendant's motorman in charge of its street car' discovered, or by ordinary care could have discovered, the peril in which plaintiff decedent was, in time and with reasonable safety to said car and the passengers thereon, to have stopped or checked said car so as to avoid said collision, and failed to do so, then the law is for the plaintiff and you will· so find."

The objection to the instruction is that there was no evidence authorizing it. Counsel's contention is based upon the assumption that there was no evidence that the motorman discovered or by the exercise of ordinary care could have discovered the peril of decedents in time to have avoided the accident, and in the cases cited by appellant such was the case. If this assumption had been true here, their position would have been correct, as it is a well recognized rule of this court that it is error to give an instruction upon a question upon which there is no evidence. Counsel evidently overlooked the testimony of Will Hughes, who states that as the street car approached the crossing, which the evidence shows was a dangerous one, the motorman was looking back in the car in disregard of his lookout duty, and made no effort to stop until within six feet of the wagon in which the boys were riding, and that the car was then going at an excessive rate of speed. If this testimony is true, the motorman was guilty of negligence after he ought to have known of decedents' peril, except for which the accident would not have happened, and upon this evidence alone it was proper that the instruction should have been given. Hobson on Instructions, section 442; C. & O. Ry. Co. v. Banks' Admr., 144 Ky. 137; Doll v. Louisville R. Co., 138 Ky. 486.

4.   Having concluded that the giving of the foregoing instruction was proper, it results that even if the evi-

dence had shown that the decedents were guilty of contributory negligence, appellant was not entitled to a peremptory instruction. However, we do not think that under the proof here the decedents were guilty of contributory negligence, as neither of them was the driver of the vehicle, nor did the relationship of master and servant, or principal and agent exist, and the parties were not shown to be engaged in a joint enterprise. See Cahill v. Cincinnati, &c., R. Co., 92 Ky. 345, and cases cited therein.

Besides the street car must have been running at a reasonable rate of speed to relieve the company from liability for injury to a person suddenly coming on the track in front of the car. Louisville Ry. Co. v. Vessel's Admx., 159 Ky. 664; Hymarsh's Admr. v. Paducah Traction Co., 150 Ky. 111. And there is much evidence that the car was not running at a reasonable rate of speed.

5. It is the rule of this court not to interfere with the discretion of the trial court in granting a new trial unless it clearly appears that there has been an abuse of that discretion. Wilhelm v. Louisville R. Co., 147 Ky. 196; Pack v. Camden Interstate Ry. Co., 154 Ky. 535; McLemore v. Evansville & B. G. P. Co., 160 Ky. 566; Conley v. Central Ky. Traction Co., 152 Ky. 764. But this rule does not apply if the new trial was granted on account of the smallness of the damages independent of a recovery for special damages, because this is expressly prohibited by section 341 of the Civil Code, which this court has construed to include all cases in which it is sought to recover damages independent of special damages whether the action be in contract or tort. Netter v. Louisville Ry. Co., 134 Ky. 678; Schmidt v. Kentucky River Mills, 142 Ky. 80; Pendly v. I. C. R. Co., 28 K. L. R. 1324; Gaines v. Madisonville, Hartford & Eastern R. R. Co., 143 Ky. 250.

And in the very recent case of Gnau v. Ackerman, 166 Ky. 268, in which this construction is approved and applied, this court said:

"But where grounds other than the inadequacy of the verdict are relied on to obtain a new trial, and these grounds, or some of them, are sufficient to justify the trial court in directing a new trial, we will not assume that the new trial was granted solely because the recovery was inadequate, when the record, as in this case, does not show the reasons that influenced the trial court in order-

ing a new trial. Norvell v. Paducah Box & Basket Co., 157 Ky. 703; Greenberg v. Hyman & Oppenheim, 159 Ky. 618; McLemore v. Evansville & Bowling Green Packet Co., 160 Ky. 566.''

In the instant case special damages are not claimed, and if the court granted the new trial upon the ground that the damages awarded on the first trial were inadequate, it was error; but there being several grounds assigned in addition to one alleging inadequacy of the verdict, and the record failing to disclose the reason that influenced the trial court in ordering the new trial, we will not assume that it was granted solely because the recovery was inadequate, but under the rule as stated in the Gnau case and quoted above, "the grounds other than the inadequacy of the verdict, or some of them," must be sufficient to justify a new trial before we can hold that the trial court did not act upon the ground that the damages were inadequate. Counsel for appellees, although they have covered very carefully in their briefs every other point raised by appellant, do not point out any error in the first trial, and after a careful consideration of the record, we have been unable to find any error sufficient to justify the trial court in granting a new trial.

Not only did counsel for appellees fail to point out any error in the first trial, but upon the other hand in their original briefs filed herein, counsel for appellee Rudolph, administrator of Dewey Walker, made the following statement:

"A motion for new trial was made by appellees, plaintiffs below, upon the idea that if a death warranted no better verdict than $175.00, then the plaintiffs were entitled to nothing, and, if they were entitled to anything, they were entitled to more than $175.00, and as new trials are allowed to be granted at the discretion of the trial judge, for the smallness of damages as well as for excessive damages, the trial judge very promptly set aside the verdicts and granted new trials to both plaintiffs (appellees).''

And counsel for appellee Moody, administrator of Glen Waller, made this statement:

"The first judgment of $175.00 should not be substituted for the last judgment because if plaintiffs were entitled to anything at all for the death of their decedents, that judgment—$175.00—at the first blush.

strikes the mind as grossly inadequate for compensation for a human life."

In view of these statements and of our inability to discover any error upon the first trial, the conclusion is unavoidable that the new trial was granted for the sole reason that the damages awarded were inadequate.

Both trials were had upon practically the same evidence and the court's rulings upon the admission thereof were almost identical on both trials, there being no substantial variance. Six instructions were given upon each trial, almost identical in language, and absolutely so in substance, and the sole difference that we have been able to discover is in the verdicts.

Hence it follows the trial court erred in setting aside the first judgments and granting new trials to appellees.

Wherefore the judgments are reversed with directions to re-enter the original judgments for $175.00 in favor of each appellee.