## Farrar, et al. v Hank.

(Decided October 17, 1924.)

### Appeal from McCracken Circuit Court.

1. Trial—Actions Against One Defendant for Injuries in Automobile Collision Properly Tried Together.—Three actions by different persons, for injuries sustained when automobile in which they were riding collided with bridge, due to negligent conduct of defendant automobilist driving car in middle of road, were properly tried together on defendant's motion, as only issues as to contributory negligence were different, and they could be taken care of by proper instructions.

2. Trial—Actions that May be Tried Together.—Ordinarily, where there are several actions brought by different plaintiffs against one defendant, and issues are same in each action, court may try them together, but may not do so where issues are such as must be tried by jury and circumstances are such that trial together would tend to place objecting party in position not occupied by his adversary, and probably giving latter undue advantage.

3. Appeal and Error—Trial—Trying Cases Together Discretionary with Trial Court, and Not Interfered with on Appeal.—Where several actions brought by different plaintiff's against one defendant have same issues, trying them together is matter in discretion of trial court, and such discretion will not be interfered with on appeal, unless abused.

4. Negligence—Negligence of One Passenger in Automobile Affects Only Himself.—Contributory negligence of one of several passen-

gers in an automobile was chargeable to him alone, and not to others.

5. Trial—Error in Instruction Rendered Harmless by Other Instructions.—In actions by several passengers in automobile, error in instruction, failing to make it clear that guests were not chargeable with negligence of hostess, was rendered harmless by other instructions on contributory negligence, authorizing finding for defendant only if jury believed accident occurred because of plaintiff's failure to exercise ordinary care, "and without any fault on the part of defendant."

6. Bridges—Statute Concerning Speed Over Bridges Inapplicable to Automobile.—Ky. Stats., 4344, prohibiting riding or driving over bridge faster than walk, does not apply to automobile.

C. C. GRASSHAM, W. A. PERRY, J. B. ALLENSWORTH and L. B. ALEXANDER for appellants.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellants, Mrs. Susan Farrar, Mrs. Perna Dillingham, and Mrs. Ora Ramage, by separate actions, sought to recover of appellee Hank damages for their respective injuries sustained when the automobile in which they were riding, and which was owned and being drived by Mrs. Farrar, struck a bridge abutment and turned over, alleged to have been caused by the negligent and unlawful conduct of appellee in driving his car in the middle of the road and thereby forcing Mrs. Farrar into the ditch and against the abutment.

The answer in each case was a traverse and plea of contributory negligence, which was traversed of record. Thereupon the defendant moved that the actions be heard and tried together by a single jury, which was done, over appellants' objections and exceptions. The jury returned a verdict for defendant in each case, and the petitions were dismissed.

The grounds urged for reversals are, that the court erred in trying the cases together, and in instructing the jury.

As is agreed, the rule of practice involved in the first complaint is well settled, and is thus stated in Benge's Admr. v. Fouts, 163 Ky. 796, 174 S. W. 515:

"Ordinarily, where there are several actions brought by different plaintiffs against one defendant and the issues are the same in each action, the court may try them together; but where the issues in the

several cases are such as must be tried by a jury, and there is objection from one of the parties, and the circumstances are such that the trial of the cases together would tend to place the objecting party in a position not occupied by his adversaries, and that would probably give the latter an undue advantage in the trial, the court should not permit them to be tried together. Whether the cases should have been tried together was a matter in the discretion of the trial court, and such discretion should not be interfered with on appeal unless it is clearly made to appear that the discretion was abused.''

See also Reid v. Nichols, 166 Ky. 423, 179 S. W. 440; Paducah Traction Co. v. Walker's Admr., 169 Ky. 721, 185 S. W. 119; Hutchison v. Ohio Valley E. Ry. Co., 183 Ky. 396, 209 S. W. 355; Graham's Admr. v. I. C. R. R. Co., 185 Ky. 370, 215 S. W. 60; Waller v. Lee Co., 187 Ky. 848, 220 S. W. 1071.

The main issues as to whether defendant was negligent and caused the accident were precisely the same in each case, but the issues as to contributory negligence were different, since any such negligence by one of the plaintiffs was chargeable to her alone and not to either of the other plaintiffs. This same difference, however, existed in several of the cases, *supra,* and is such that it easily may be taken care of in the instructions so as to prevent the possibility of any undue advantage to any party upon the trial.

Hence such difference does not necessarily require separate trials, and no other reason appearing therefor, we cannot say that the court abused a sound discretion in ordering these cases to be tried together.

The court gave three separate sets of instructions, and it must be admittted that upon the question of contributory negligence they were not so drawn as to make it clear that Mrs. Dillingham and Mrs. Ramage, although guests of Mrs. Farrar, were not chargeable with any negligence upon the part of the latter that may have contributed to the accident. But this error was more than offset and rendered harmless to plaintiffs by the fact that in every one of the instructions upon contributory negligence the jury were authorized to find for defendant only if they believed that the accident occurred because of the plaintiff's failure to exercise ordinary care, ''and without any fault on the part of defendant.''

As the jury. could not have found for the defendant under any instruction without believing the accident occurred without any fault upon his part, they necessarily so found, and the error in the contributory negligence instructions could not have been prejudicial to any of the plaintiffs.

The final contention, and the one most stressed by appellants, is that the court erred in refusing to authorize a recovery by each of the plaintiffs if in crossing a small bridge just before the accident the defendant failed to reduce the speed of his automobile to a rate not faster than a walk.

Section 4344 of the statutes provides in part:

"Any person who shall ride or drive on or over a bridge faster than a walk shall be fined five dollars ($5.00)."

Section 466 of the statutes reads:

"A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed."

The insistence for appellants is, that by reason of these statutory provisions a violation of the former by the defendant was negligence *per se,* and if such violation was the direct and proximate cause of the accident, defendant was liable for any injuries to plaintiffs resulting therefrom.

Admitting the soundness of the legal principle involved, it yet can have no application here, both because it is clear that the rate of speed that defendant may have driven his automobile across the bridge could not have been the proximate or contributing cause of the accident, and because it is perfectly plain that section 4344, *supra,* was never intended, and does not apply to an automobile. It is a part of the road law enacted in 1914, and was carried forward from previous statutes enacted before the automobile came into use.

The entire subject of the speed at which automobiles may be driven upon any part of the public highway is comprehensively treated in the later enacted act of 1920, which by necessary implication limits section 4344 in its application to the purposes for which it was originally

intended, if otherwise it might have been extended to include automobiles.

We are therefore clearly of the opinion that there is no merit in this contention.

Perceiving no error in the trial prejudicial to any of the appellants, the several judgments are affirmed.