## Everlee Herndon v. Kentucky Traction & Terminal Company.

## Mary E. Clarke v. Kentucky Traction & Terminal Company.

## Sarah G. Clarke v. Kentucky Traction & Terminal Company.

## Carlotta Herndon v. Kentucky Traction & Terminal Company.

(Decided March 26, 1926.)

### Appeals from Fayette Circuit Court.

1. Trial—Trying Together Actions for Injuries in Same Accident to Four Occupants of Automobile Held Not Error.—Trying together, over objection, separate actions by each of four persons for injuries from collision of street car with automobile in which they were riding, held not error; difference in issues as to contributory negligence having been taken care of in instructions.

2. Street Railroads—Whether Bell of Street Car Striking Automobile was Rung, and Whether Occupants were Contributorily Negligent, Held for Jury.—In actions by occupants of automobile for injuries in collision with street car, whether street car bell was rung, and plaintiffs were contributorily negligent in failing to hear or heed it or see car, held for jury.

3. Negligence—Instruction that Negligence of Automobile Driver was Not Imputable to Guests Held Not Prejudicial to Them.—In actions by driver and other occupants of automobile for injuries in collision with street car, statement, in contributory negligence instruction, that negligence of driver was not imputable to her guests, was not prejudicial to guests.

4. Appeal and Error—Appellant, Not Asking More Particular Instruction on Contributory Negligence, Cannot Complain of Failure to Give Such Instruction.—In action by occupants of automobile for

injuries in collision with street car, plaintiff offering no instruction defining what specific duties she was under and had failed to perform, cannot complain on appeal of court's failure to give such instruction in addition to usual abstract instruction on contributory negilgence.

5.  Trial—If Instructions in Common-Law Action are Correct, Party Desiring Further Instructions should Request them.—In common-law action, court need not give whole law of case, and, if instructions given are correct, party desiring further instructions must request them.

6.  Appeal and Error—Trial—Instructions that Negligence of Automobile Driver was Not Imputable to Her Guests, and Giving of Two Instructions on Contributory Negligence, Held Not Erroneous Nor Prejudicial as to Negligence of Driver on Trial of Actions by Her and Guests.—In trial of actions by driver of automobile and her guests therein, for injuries in collision with street car, giving of instruction that driver's negligence, if any, was not imputable to her guests, and of two instructions on contributory negligence, held not erroneous nor prejudicial as to driver, as unduly emphasizing such phase of her case.

R. W. KEENON and GEORGE C. WEBB for appellants.

WALLACE MUIR and ALLEN, BOTTS & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

These four cases are companion cases to that of Price v. Kentucky Traction & Terminal Company, 207 Ky. 332, 269 S. W. 303, where a statement of the facts out of which they arise may be found. Of the present appellants, Miss Carlotta Herndon and her sister, Miss Everlee Herndon, were the owners of the automobile in which Miss Price, Miss Woodruff and the appellants were riding at the time of the accident herein complained of. Miss Carlotta Herndon was driving the car. Miss Everlee Herndon and Miss Price were seated on the front seat with her, Miss Price being on the outside. Miss Woodruff and the appellants, the Misses Clarke, were seated on the rear seat, Miss Woodruff being on the left-hand side and Miss Mary Clarke being in the middle. The four above styled cases were tried together by the court below and the jury found a verdict in each case in favor of the appellee.

It is first insisted as grounds for reversal that the lower court erred in trying these four cases together over the objection of the appellants. The rule as to this pro-

position is well settled and is thus stated in Benge's
Admr. v. Fouts, 163 Ky. 807, 174 S. W. 515:

> "Ordinarily, where there are several actions
> brought by different plaintiffs against one defendant
> and the issues are the same in each action, the court
> may try them together, but where the issues in the
> several cases are such as must be tried by a jury, and
> there is objection from one of the parties and the
> circumstances are such that the trial of the cases to-
> gether would tend to place the objecting party in a
> position not occupied by his adversaries, and that
> would probably give the latter an undue advantage
> in the trial, the court should not permit them to be
> tried together. Whether the cases should have been
> tried together was a matter in the discretion of the
> trial court, and such discretion should not be inter-
> fered with on appeal, unless it is clearly made to
> appear that the discretion was abused."

This rule was approved and followed in the case of
Farrar v. Hank, 205 Ky. 89, 265 S. W. 487, wherein the
authorities which have followed the Benge case are col-
lected. This Farrar case was on this question very
similar to the cases before us. There the driver of an
automobile and two of her guests were injured in an auto-
mobile accident and their suits were consolidated for
trial. This court held that the lower court committed
no error in so doing. We said:

> "The main issues as to whether defendant was
> negligent and caused the accident were precisely the
> same in each case, but the issues as to contributory
> negligence were different, since any such negligence
> by one of the plaintiffs was chargeable to her alone,
> and not to either of the other plaintiffs. This same
> difference, however, existed in several of the cases
> *supra,* and is such that it may easily be taken care
> of in the instructions, so as to prevent the possibility
> of any undue advantage to any party upon the trial.
> Hence such difference does not necessarily require
> separate trials, and, no other reason appearing there-
> for, we cannot say that the court abused a sound
> discretion in ordering these cases to be tried to-
> gether."

The only difference between the Farrar case and the
ones before us is that we have here three guests instead

of two as in the Farrar case.    But the main issue, as to whether or not the appellee was negligent and caused the accident, was precisely the same in each of the four cases, and although the issues as to contributory negligence were different, this difference could be and was easily taken care of in the instructions so as to prevent a possibility of any undue advantage to any party upon the trial.    There is no merit in the first ground for reversal.

It is next urged that the lower court erred as to the Misses Clarke and Miss Everlee Herndon in giving an instruction bearing on contributory negligence.   In the case of Barksdale's Admr. v. Southern Ry. Co., 199 Ky. 592, 251 S. W. 656, we said that although it is true that the negligence of the driver of an automobile is not to be imputed to his guests who are in the machine with him, yet it is the duty of one riding in a machine to use ordinary care to avoid injury to himself.    The cases supporting this rule are therein collected and set out.   In this Barksdale case we also said that the scintilla rule doctrine is firmly established, and though negligence is never presumed the issue must be submitted to the jury if there is any evidence tending to prove negligence or facts proven from which an inference of negligence may be drawn.   In the present case the evidence showed that these six young ladies got into a car entirely enclosed with curtains.   Miss Mary Clarke says that she did not look back through the windows of the rear curtain to ascertain if any street car was coming because she was seated in the middle and could not well do so, and she was relying implicitly on Miss Carlotta Herndon, who was driving the automobile, to keep a lookout.   Miss Sarah Clarke says that as she got in the car she looked back through the rear curtain but saw no street car coming.   She never looked again.   Miss Everlee Herndon, sitting on the front seat, says that she did not look back because it would have done her no good to do so since the three ladies on the rear seat would have obstructed her view.   All of them say they did not hear the car coming or any signal given.   It is admitted that the machine was driven southwardly fifty or sixty feet from the point where the Misses Clarke got into it before it was turned across the car track by the driver.   It is further admitted that no signal of any kind was given by Miss Carlotta Herndon that she was going to turn.   No one in the automobile seems to have looked again as they were about to turn to see if any street car or other vehicle was ap-

proaching them from the rear. Although the ladies say they heard no street car coming and no signal given, yet appellee's evidence tended to show that the bell on the street car was being rung continuously before the automobile started to turn and for some little distance from the point of the collision up to the moment of the accident. That the street car was within the range of vision as the machine started to turn, had any of the ladies looked, is obvious, because the automobile had scarcely gotten on the car tracks when the collision occurred, and there was nothing in the street to prevent one seeing the coming street car had one looked. Hence the jury was warranted in believing from such evidence, if they thought it true, that the failure of the ladies to hear or see this street car was due to inattention and neglect on their part. If some of them, by reason of their position in the automobile, could not see, that did not prevent them from hearing. Of course it was for the jury to say whether or not the street car bell was being rung. If the jury thought that it was, then it was also for them to say whether or not the failure of the appellants to hear or heed it was due to any neglect or carelessness on their part or that of any of them. Clearly then under the Barksdale case *supra,* the question of contributory negligence should have been submitted and the court committed no error in so doing. It is contended, however, that the court should not on the contributory negligence instruction have told the jury that the negligence of the driver of the car was not to be imputed to her guests. We apprehend that had the court failed to do this, appellants, at least those who were guests, would now be strenuously arguing that such failure was an error highly prejudicial. There is no merit in this contention nor in the one of Miss Everlee Herndon to the effect that the court did not in her case, in addition to the usual abstract instruction on contributory negligence, give one defining just what specific duties she was under and had failed to perform. If she wanted an instruction along such lines, it was her duty to offer one, and having failed to do so she cannot complain that the court did not do so. In a common law action the court is not bound to give the whole law of the case, and if the instructions given are correct as far as they go and a party desires still further instructions, it is his duty to request them. In Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 244 S. W. 179, we held that a reversal will not be granted because

of a failure on the part of the trial court to give concrete instructions touching the matter of contributory negligence where an instruction in general terms in the usual form was given and it appears that with such instructions the issues were fairly submitted to the jury. Such is the case here.

Finally it is urged as to Miss Carlotta Herndon that because the court inserted an instruction in her case telling the jury that her negligence, if any, was not to be imputed to her guests and gave two instructions on contributory negligence, this phase of her case was unduly emphasized. But we do not regard this contention as meritorious. The telling the jury that her negligence, if any, could not be imputed to her guests could not affect her case, and although it might have been better for the court to have given but one instruction on contributory negligence, yet the giving of the two was not under the circumstances of her case prejudicial.

No errors appearing prejudicial to the substantial rights of any of the appellants, the judgments are affirmed.