## Sheetinger v. Dawson.

(Decided December 16, 1930.)

POLK SOUTH, Jr., and FIELD McLEOD for appellant.

H. A. SCHOBERTH, WILL D. JESSE and W. C. MARSHALL for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing in part and affirming in part.

On Sunday afternoon, June 24, 1928, near the entrance to the home of former Senator Camden, between

Frankfort and Versailles, there was a collision of the automobiles of A. B. Dawson and the appellant, Charles J. Sheetinger. Dawson was accompanied by his wife and little girl, all three of whom suffered painful injuries. Separate suits were instituted by them against Sheetinger, which were tried together over his objection. The jury returned a verdict in favor of Mrs. Dawson for $2,000, and the child, Imogene Dawson, for $1,000. They found for the defendant in Mr. Dawson's case, on the ground, as recited in the verdict, that he was contributorily negligent. Appeals are prosecuted by the defendant from the two judgments rendered against him.

The evidence introduced by the plaintiffs tended to prove that Dawson was driving his car eastwardly at slow speed and that the collision was due wholly to the attempt by Sheetinger to pass a car going in the same direction, resulting in the collision when both his machine and that of Dawson veered to the north, or to Dawson's right. The evidence introduced by the defendant tended to prove that the Dawson car was being driven in a reckless manner and in a zigzag fashion, and that it skidded sideways into the defendant's car on the south side of the road. The evidence therefore was such that the jury might have found either way.

One of the grounds urged for a reversal is that the court, with a special judge presiding, erred to the defendant's prejudice in trying the cases together over his objection. The practice of trying cases together when they arise out of the same facts and the parties are substantially the same is not only proper, but should be encouraged, unless there is objection and it appears that some undue advantage may be obtained by one side or the other by reason of the joint trials. The subject is discussed fully in Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S. W. 510. Other cases on the subject are: Reid v. Nichols, 166 Ky. 423, 179 S. W. 440; Paducah Traction Co. v. Walker's Adm'r, 169 Ky. 721, 185 S. W. 119; Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071; Farrar v. Hank, 205 Ky. 89, 265 S. W. 487; Herndon v. Ky. T. & T. Co., 214 Ky. 36, 281 S. W. 1036

In the most pertinent case, Benge's Adm'r v. Fouts, supra, there were two claims for services being asserted against a decedent's estate. Each party was a competent witness for the other, but it was pointed out that on a joint trial neither could be excluded from the courtroom and that in testifying one for the other the relations of

each of them with the deceased and the other claimant were so involved as to make it necessary that each witness should state many facts bearing on and supporting her own case; and further that with a common interest and each having heard the other testify she could have strengthened her own testimony.

It was held to be error prejudicial to the substantial rights of the defendant to have tried the cases together, and the judgments were reversed on that ground. Here the husband was a competent witness for himself but not for his wife. But in testifying for himself he was in fact also testifying for her. Being the driver of the car, he was in a better position than his wife to know the facts as to the collision and its cause. Though the trial court very clearly and emphatically admonished the jury during the progress of the trial, and also by a written instruction, that they should not regard the evidence of the husband in considering the wife's case nor that of the wife in considering the husband's case, nevertheless we are constrained to conclude that the jury was necessarily affected by the evidence, for it would have been very difficult, if not impossible, to eradicate from their minds the evidence of the husband regarding the manner in which the automobile of the defendant approached and collided with his machine.

The contention that a peremptory instruction should have been given for the defendant in the wife's case, and that both verdicts are palpably against the evidence, are without merit. Eliminating the evidence of the husband, there was ample evidence to authorize the submission of the question of the defendant's negligence. It is conceded that the husband's negligence could not be imputed to his wife.

Separate instructions were given in each case, but those respecting the duties of the defendant were alike. In them the court stated his duty as to exercising ordinary care and as is defined in the statute, including the charge that he should "not attempt to or pass any other vehicle ahead of him traveling in the same direction when that vehicle was passing or about to pass the Dawson car." This is one of the precautions for avoiding accidents and a rule of the road laid down in section 2739g-35 and 2739g-36 of the Statutes. There was evidence warranting the instruction and it did not violate the rule which prohibits the giving of undue prominence

to a fact in issue. Other criticisms of the instructions are unsubstantial.

The argument is made that an instruction should have been given in the child's case to the effect that the contributory negligence, if any, of the father might be attributed to the child who was under his care and custody. It is suggested that such a rule is established by Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S. W. 237, wherein it was held that a parent who had knowingly suffered or permitted an infant child to be employed in violation of the statute was estopped from recovering damages for the child's death, at least to the extent that the recovery, if any, would inure to his benefit. Neither the case nor the doctrine has application to this case, because the recovery here was sought by the child herself and not for the benefit of the parent who, the jury found, was contributorily negligent. This point is discussed and decided in Louisville & N. R. Co. v. Wilkins, Guardian, 143 Ky. 572, 136 S. W. 1023, Ann. Cas. 1912D 518, and the following vigorous statement from Thompson on Negligence, criticizing the New York rule to the contrary, is quoted:

"That is should be adhered to in any enlightened jurisdiction with respect to children is reproach to the judges who uphold it. An adult person, when he commits his person to the custody of another, does so at least voluntarily; an infant does not select his custodian—it is selected for him by the laws of nature, or by circumstances beyond his control. Certainly, there is no reason why the ordinary principle that where one is injured by the concurring negligence of two persons he has an action against either or both should not apply in the case of an injury to a child, unless the imputation is to be put upon the law of denying to feeble and helpless infancy the same measure of protection which it accords to adults. Such a conception is cruel, heartless and wicked. It can only hold in jurisdictions where property is placed above humanity."

Other cases declaring that contributory negligence of a parent cannot be imputed to a child are Allegheny Coke Co. v. Massey, 163 Ky. 792, 174 S. W. 499; Lyttle v. Harlan Town Coal Co., 167 Ky. 345, 180 S. W. 519; H T. Whitson Lumber Co. v. Upchurch, 198 Ky. 127,

248 S. W. 243; Wynn Coal Co. v. Lindsey, 230 Ky. 53, 18 S. W. (2d) 864. Most of these cases relate to passive negligence or a failure to act, but there can be no distinction made as between a child and an adult who is an occupant of an automobile so far as nonimputation of the negligence of the driver is concerned, even though the child be of tender years and in the custody and control of the parent when the suit is by and for the child seeking compensation for injuries suffered.

In the case of Sheetinger v. Emma Dawson the judgment is reversed for the error indicated. In the case of Sheetinger v. Imogene Dawson, By, etc., the judgment is affirmed.

Whole court sitting.