## Hirsch v. Warren (two cases).
## Same v. Jones.

(Decided Feb. 20, 1934.)

F. A. HARRISON for appellant.

R. L. VINCENT and L. M. ACKMAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

On January 31, 1932, an automobile belonging to Mrs. Ruah Hirsch, of Cincinnati, Ohio, collided with A. F. Warren's automobile on the Dixie Highway, in Grant county. Both machines were badly damaged, and Mrs. Callie Warren and N. M. Jones, who were riding in the Warren car, were injured.

A. F. Warren brought suit to recover for the injury to his car, and process was served on Mrs. Hirsch in person. Later on separate actions were brought by Callie Warren and N. M. Jones to recover for personal injuries. Over the objection of Mrs. Hirsch, the three cases were consolidated and tried together. The jury returned a verdict in favor of Mrs. Callie Warren for $500, in favor of A. F. Warren for $275, and in favor of N. M. Jones for $225. Mrs. Hirsch appeals as to Callie Warren, and has prayed an appeal as to A. F. Warren and N. M. Jones.

It is first insisted that the court erred in refusing to quash the process in the Callie Warren and N. M. Jones suits. The basis of this contention is that the statute providing for substituted process on a nonresident motorist contravenes the due process clause of the Fourteenth Amendment to the Federal Constitution, and is therefore invalid.

The statute, which is chapter 80, Acts 1930, and now section 12-1 to section 12-6, Carroll's Kentucky Statutes, 1933 Supplement, in so far as material, reads as follows:

"§ 12-1. That any nonresident of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle or having same operated, within the Commonwealth of Kentucky, shall by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Kentucky, make and constitute the Secretary of State of the Commonwealth of Kentucky his, her or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Kentucky against such operator or owner of such motor vehicle, arising out of, or by reason of any accident or collision or damage occurring within the Commonwealth in which such motor is involved.

64

"§ 12-2. Said action may be filed either in the county where the loss or damage may have occurred, or in the county where the plaintiff or one of the plaintiffs may reside. The clerk of the court in which said action may be filed shall issue process against the defendant or defendants named in the petition and shall direct same to the sheriff of Franklin County. Said officer to whom said process is directed shall execute same by delivering a true copy thereof to the secretary of state of the Commonwealth of Kentucky at least twenty days before the return day of said process, and shall also deliver with said summons an attested copy of plaintiff's petition. It shall then be the duty of said secretary of state to write a letter to the defendant in said petition at the address given in said petition, notifying said defendant of the nature and pendency of said action, and to enclose in said letter said summons and said copy of said petition. Said letter shall be posted in the mails of the United States by prepaid registered mail and bear the return address of said secretary. Said secretary shall thereafter file, with the clerk issuing said process a report of his action, which shall include a copy of said letter and an answer thereto, together with the return registry receipt, if any."

"§ 12-4. The court in which said action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to appear and defend the action.

"§ 12-5. This act shall be construed to extend the right of service of process upon nonresidents, and shall not be construed as limiting any provisions for the service of process now or hereafter existing."

All the suits were brought in the Grant circuit court. The amended petitions in the Callie Warren and Jones cases repeated the allegations of negligence, and gave the street address of Mrs. Hirsch in Cincinnati, Ohio. Summons in each case was issued by the clerk of the Grant circuit court directed to the sheriff of Franklin county, together with an attested copy of the amended petition. The summons and attested copy were delivered to the secretary of state by the sheriff of Franklin county, who made a return showing the proper

execution and delivery thereof. The secretary of state then sent the summons and copy of the amended petition in each case to Mrs. Hirsch by registered mail to the address given in the petitions, with a return receipt attached thereto, together with a letter notifying Mrs. Hirsch of the nature and pendency of the action. In each case the registry receipt was signed by Mrs. Hirsch and returned to the secretary of state. This receipt, together with a letter reporting her acts, was mailed to, and received by, the clerk of the Grant circuit court in each case.

The rule deducible from the authorities is that, by virtue of its power to regulate the use of its highways by nonresidents, the state may declare that the use of the highway by the nonresident may by statute be treated as the equivalent of the appointment by him of a state official as the agent on whom process may be served in suits growing out of accidents in such operation, Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091, provided the statute contain a provision making it reasonably probable that the notice will be communicated to the person sued, Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230. The point of attack on the statute is that the secretary of state is not required actually to notify the defendant of the nature and pendency of the action, but is only required to write a letter to the defendant "at the address given in said petition," and, in reporting his action to the court, must include "the return registry receipt, if any," and that these requirements are not sufficient to make it reasonably probable that the notice will be communicated to the defendant. In support of this position the case of Grote v. Rogers, 158 Md. 685, 149 A. 547, 551, is relied on. There the statute provides that notice of the service and a copy of the process should forthwith be sent by registered mail by the plaintiff or his attorney "to the defendant at his address as specified in the process," and further that such address shall be conclusively presumed to be correct if it be an address given by the defendant in any proceeding before any court magistrate, or justice of the peace, or any political officer or deputy, or other person, at or subsequent to the collision or accident, or if it be the latest address appearing on the records of the commissioner of motor vehicles or other officer charged with the administration of the motor vehicle laws of the state in

which any motor vehicle is registered in the name of such defendant. In holding that the statute did not meet the test of reasonable probability that a compliance with its terms would give the defendant actual knowledge of the suit, the Court of Appeals of Maryland stressed the following defects: The address specified in the process is not required to be the true address of the defendant at that time, or even his last-known address, but is to be conclusively regarded as correct for the purposes of the suit, if it is an address given to certain officers under certain circumstances.

> "The sources of information to which the plaintiff is thus referred by the statute may not apprise him of the defendant's correct address at the time when the notice is to be mailed. In the period, which may be prolonged, between the accident and the institution of the suit, a legitimate change of the prospective defendant's domicile may render his earlier declarations as to his residence obsolete. The statute, nevertheless, imputes verity to a previously stated address which may be in fact erroneous at the date of the process. The serious and vital mistake of sending such a notice to the wrong address might be innocently committed in full and exact compliance with the act, while its terms readily admit of the perpetration of a fraud upon a defendant by the mailing of the notice to his formerly declared address, which may have been changed to the plaintiff's knowledge, but which may be within the purview of the statute's conclusive presumption of accuracy."

Whether, as thus construed, the foregoing view of the Maryland statute is sound, is not a question that we deem it necessary to discuss. It is sufficient to say that our statute does not give absolute verity to any stated address, and the opportunities for fraud or mistake are not so apparent. The need for a statute providing for substituted service in cases like these has been pointed out in numerous opinions. Such a statute should be given a common sense construction, and upheld, if possible. Mistake or fraud in the service of process is always possible. The books are full of cases where process against a local defendant has been served on the wrong person, or a false return has been made by an officer. In such cases there are other ways of testing the validity of the process and other remedies to which

the defendant may resort, section 3760, Kentucky Statutes, and no statute providing for the service of process has ever been held invalid because of a possibility of mistake or an opportunity for fraud. Even under statutes providing for the mailing of notices to the defendant, or to the defendant at his last-known address, the state officer whose duty it is to communicate the notice is not possessed of that information, but must acquire it from some one else. The plaintiff in the action against the nonresident defendant motorist is the person most concerned. If the address of the defendant is not stated in the petition, there is nothing on which the secretary of state may act. Unless the plaintiff can find out where the defendant lives, he cannot obtain a judgment against him or collect the judgment after it has been obtained. In view of his interest in the matter, it is not to be presumed that plaintiff will act without proper inquiry or investigation, or resort to fraud that may defeat his action. The petition is filed and verified by the plaintiff, and the only fair and reasonable construction of the statute is that the plaintiff must ascertain and state in the petition the correct address of the defendant. We do not regard the use of the words "if any" in connection with the return registry receipt as fatal to the validity of the statute. A case might arise where the defendant refused to sign the registry receipt, and the words "if any" were used to meet that situation. Having this view of the statute and bearing in mind the provision that the court in which the action is pending may order such continuance as may be necessary to afford the defendant a reasonable opportunity to appear and defend the action, we are not inclined to hold that the statute is invalid on the ground that it contains no provision making it reasonably probable that notice of the suit will be communicated to the person sued. It follows that the motion to quash in the Callie Warren and N. M. Jones cases was properly overruled.

Another ground on which a reversal is asked is that the court erred in consolidating and trying the cases together. The rule is that, where there are several actions brought by different plaintiffs against one defendant, and the issues are the same in each, the court may try them together; but, where the issues in each are triable by jury, and there is objection by one of the parties, and the circumstances are such that their trial together would place the objecting party at a disad-

68

vantage, the court should not permit the actions to be tried together. Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S. W. 510. A. F. Warren and Callie Warren are husband and wife. He sued for injuries to his machine, and she for injuries to her person. The actions are separate and not joint. Though competent witnesses for themselves, neither was a competent witness for the other. Section 606, subsec. 1, Civil Code of Practice. Notwithstanding the fact that the court admonished the jury to that effect, the case is one where each received the benefit of the other's testimony, and it was impossible to eradicate from the minds of the jury the impression thus made. Clearly the case is one where appellant was placed at a disadvantage by the joint trial. Such was our ruling in the recent case of Sheetinger v. Dawson, 236 Ky. 571, 33 S. W. (2d) 609, where a joint trial of husband's and wife's actions growing out of an automobile collision was held error, notwithstanding the court's instruction to disregard the evidence of one plaintiff in considering the other's case.

However, we are not inclined to the view that it was error to try the Jones Case together with the other cases. Both Mr. and Mrs. Warren were competent witnesses for her, whether her case was tried jointly or separately, and it is not perceived how appellant was prejudiced by the joint trial. Sheetinger v. Dawson, supra; Herndon v. Kentucky T. & T. Co., 214 Ky. 36, 281 S. W. 1036; Farrar v. Hank, 205 Ky. 89, 265 S. W. 487.

The appeal as to N. M. Jones is denied, and the judgment affirmed. The appeal as to A. F. Warren is sustained, and the judgment in his favor, as well as the judgment in favor of Callie Warren, is reversed, and cause remanded for a new trial consistent with this opinion.