CASE 50.—ACTION BY J. W HUMMER'S EXECUTRIX AGAINST
THE LOUISVILLE & NASHVILLE R. R. CO. FOR
CAUSING THE DEATH OF PLAINTIFF'S INTES-
TATE.—March 18.

## Hummer's Extx. v. Louisville & Nashville R. R. Co.

Appeal from Simpson Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Judgment for defendant. Plaintiff appeals.—Affirmed.

1. Appeal—Invited Error—Right to Complain.—A party cannot
complain of an instruction which he himself requested.

2. Railroads—Injuries to Travelers at Crossings—Evidence—In-
structions.—Where the undisputed evidence showed that the
crossing where the accident happened was much frequented,
an instruction that if the crossing was such that the presence
of persons on the track might reasonably be expected and
those in charge of the train negligently failed to keep a look-
out, etc., a verdict should be rendered for plaintiff, was not
erroneous because the duties therein required of the train-
men were predicated on the crossing being a place where
the presence of persons on the track was to be expected.

3. Same—Duty of Railroad Employes.—Employes in charge of a
train need not slacken the speed of the train at ordinary
public crossings; this being ordinarily required only at places
where the population is crowded and the presence of persons
on the track is to be expected.

4. Trial—Instructions—Construction as a Whole.—Where, in an
action for the death of a traveler struck by a train at a

crossing, the evidence showed that the engineer could not see on account of the obstruction of the boiler an instruction that if those in charge of the engine "negligently" failed to keep a lookout, etc., a recovery was authorized, was not erroneous because of the use of the word "negligently," when considered in connection with another instruction that those in charge of the train must use ordinary care in discovering whether decedent was ignorant of the approach of the train and was about to go on the track.

5. Railroads—Accidents at Crossings—Contributory Negligence—Effect.—Contributory negligence bars a recovery for the death of one struck by a train at a public crossing unless, notwithstanding his negligence and after his peril was, or might by ordinary care have been, perceived, the operators of the train could by ordinary care have avoided injury to him; and if the train was by negligence running too fast, and decedent was by negligence on the track, the injury was due to the concurrent negligence of both, defeating a recovery.

6. Same.—In an action for the death of a traveler struck by a train at a public crossing, the proper speed of the train may be taken into consideration with the other facts in determining whether decedent used ordinary care in going on the track, and the jury must determine from all the evidence whether there was negligence on the part of the employes in charge of the train and contributory negligence on decedent's part, but for which the injury would not have occurred.

7. Negligence—"Contributory Negligence."—The term "contributory negligence" implies the existence of negligence on the part of defendant.

8. Trial—Instructions—Undue Prominence to Particular Matters.—In an action for the death of a traveler struck by a train at a public crossing, an instruction that, as decedent was deaf, it was his duty to exercise great caution in the use of his remaining senses to avoid danger from the train, was not erroneous as singling out facts or giving undue prominence to them, but correctly stated the law.

9. Railroads—Injuries to Persons at Public Crossings—Care Required.—Where a railroad crossing is especially dangerous, the railroad company and the travelers must use increased care commensurate with the danger.

10. Appeal — Harmless Error — Erroneous Instructions. — In an action for the death of a traveler struck by a train at a public crossing, where the evidence did not show that defendant's negligence was the proximate cause of the accident, the error

in an instruction that, as decedent was deaf, there could be no recovery because of the failure to sound the whistle or ring the bell on the approach of the train, was not prejudicial.

11. Negligence—Proximate Cause.—There can be no recovery on account of the negligence of another which was not the proximate cause of the injury complained of.

ROARK & FINN for appellant.

1. In running its trains over public crossings, in cities and towns, it is the duty of a railroad company (1) to keep a lookout; (2) to give such signals of the train's approach as are reasonably necessary to warn persons in the act of using the crossing, and (3) if the crossing is used to such an extent as the servants of the company might reasonably expect the presence of people thereon, then it is the duty of the company to have the train under such control and run at such rate of speed, as to avoid injury to persons exercising ordinary care for their own safety in using the crossing.

2. An instruction is erroneous that predicates or conditions the "lookout duty" of those in charge of a train at a public crossing, on the fact as to whether it is habitually or frequently used.

### AUTHORITIES CITED.

L. & N. R. R. Co. v. Lucas' Admr., 30 Ky. Law Rep., 363; Cathrell v. Cin. Ry. Co., 92 Ky., 345; Lou. R. R. Co. v. Goetz, 79 Ky., 442; Davis v. L. H. & St. L. Ry. Co., 30 Ky. Law Rep., 174; L. & N. R. R. v. Cooper, 23 Ky. Law Rep., 1659; Paducah v. Memphis R. R. Co. v. Hoche, 12 Bush, 44; C. & O. R. R. Co. v. Dixon, 20 Ky. Law Rep., 793; L. & N. R. R. Co. v. Trent, 6 Ky. Law Rep., 95; Ramsey v. L. C. & L. R. Co., 12 Ky. Law Rep., 561; L. & N. R. R. Co. v. Price's Adm'r, 25 Ky. Law Rep., 1034.

BENJAMIN D. WARFIELD for appellee.

. SIMS, DU BOSE & RHODES of counsel.

We submit:

1. The fireman on the engine had a right to assume that deceased was in possession of all his faculties including the sense of hearing, and that he had heard as well as seen the train. That

he would have heard it if he had not been deaf is too plain for argument.

2. As a practical proposition it is plain to every one that in order for railroad trains to run on schedule time, or at all, they cannot be operated so as to avoid injury to persons who refuse to use their senses of sight and hearing, or at least one of them, in approaching a railroad crossing.

3. It is perfectly plain from the evidence in this case that plaintiff's intestate was guilty of negligence in crossing the track in front of an approaching train, but for which he would not have been injured, and there can be no recovery for his death.

### AUTHORITIES CITED.

L. & N. R. Co. v. Taaffe's Admr., 106 Ky., 535; Early's Admr. v. L. H. & St. L. Ry. Co., 24 Ky. Law Rep., 1810; L. & N. R. Co. v. McCombs, 21 Ky. Law Rep., 1232, 1237, 1240; L. & N. R. R. Co. v. Redmon's Admr., 28 Ky. Law Rep., 1297, 1298; P. & M. R. Co. v. Hoehl, 12 Bush, 46; Ramsey v. L. C. & St. L. R. Co., 89 Ky., 102; K. C. R. Co. v. Thomas, 79 Ky., 163; Johnson's Admr. v. L. & N. R. Co., 91 Ky., 653; I. C. R. Co. v. Dick, 91 Ky., 441, 442; Southern Ry. Co. in Ky. v. Clark, 105 S. W., 384; Hamp Mize v. L. & N. R. Co., decided Dec. 12, 1907, 105 S. W., 908; L. & N. R. Co. v. Molloy's Admx., 28 Ky. Law Rep., 1117; L. & N. R. Co. v. Creighton, &c., 106 Ky., 42, 47; L. & N. R. Co. v. Penrod's Admr., 24 Ky. Law Rep., 53.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

On September 18, 1905, J. W. Hummer, while walking across the track of the Louisville & Nashville Railroad at the Covington crossing in the outskirts of Franklin, Ky., about 9 o'clock in the morning, was struck and killed by the fast train from the south, and this suit was brought by his administrator to recover damages for his death. The town boundary runs through the crossing; that is, a part of the crossing is in the town and a part outside of it. The town is a place of between 2,000 and 3,000 people, and the crossing was much frequented. There were a number of

houses in the neighborhood of the crossing and beyond the town boundary. The testator was 74 years of age and entirely deaf. He could hear nothing. One witness who saw the occurrence stated that the intestate came up on the west side of the track and the train struck him when he was nearly across. Another witness, who heard the train and went out to look at it, saw him fly out after he was truck by the engine. The evidence on behalf of the plaintiff was to the effect that the train was running very rapidly. The evidence for the defendant was that the engineer did not see the deceased at all, and could not see him from the fact that the boiler obstructed his view, as the deceased approached the track on the opposite side from him. The fireman, who was looking out on the opposite side of the engine, saw the deceased, and, as soon as he perceived from his movements that he was coming on the track, hallooed to the engineer. The engineer sounded the alarm whistle, reversed his engine, and applied the brakes; but before the train could be stopped it struck him and killed him. The proof for the railroad was that the usual time of the train was about 40 miles an hour; that some distance back the steam had been cut off, and the train was rolling along to the station by its momentum about 20 miles an hour; that the bell of the train was ringing and that whistles had been blown as they approached the town crossing.

On this evidence the court instructed the jury substantially as follows: (1) If the crossing was such that the persons on the track might reasonably be expected, and those in charge of the engine negligently failed to keep a lookout or to run the train at such speed as might be usually expected of ordinarily prudent persons operating a railroad under similar circumstances,

and by reason of either of these things the deceased met his death, they should find for the plaintiff. (2) But if he was himself negligent, and but for this would not have been killed, they should find for the defendant, unless those in charge of the engine, after they discovered, or by ordinary care could have discovered, the peril in which his negligence had placed him, thereafter failed to use ordinary care to avoid injuring him, in which event they should find for the plaintiff. (3) Those in charge of the train were under no duty to stop it or check it unless the conduct of the deceased was such as to lead an ordinarily prudent person to believe that the deceased did not know of the approach of the train and intended to go upon the track, but that it was their duty to make an effort to stop the train when they saw, or by the use of ordinary care could have seen, this. (4) The deceased being deaf and unable to hear, it was his duty to exercise great care and caution in the use of his remaining senses to avoid danger from the train. (5) The deceased being totally deaf, the plaintiff could not recover anything on account of the negligence, if any, of the defendant's servants in failing to sound the whistle or ring the bell on the approach of the train. The jury found for the defendant, and the plaintiff appeals.

The plaintiff insists that the first part of the first instruction is erroneous, in that the duties therein required are predicated on the crossing being a place where the presence of persons on the track was to be expected; and it is said that, it being a public crossing, this qualification was unnecessary. This part of the first instruction was taken from instruction A, asked by the plaintiff; and the rule is that the plaintiff can not complain of an instruction which he himself asked.

Besides, there was no contrariety as to the crossing being a much-frequented place, within the city, and at a point on the track where the presence of persons was to be anticipated. It is not the duty of those in charge of a railroad to slacken the speed of the train at ordinary public crossings. This is ordinarily only required at places where the population is crowded and the presence of persons on the track is to be anticipated. There was no error of the court in using the word "negligently" in that part of the instruction which referred to the lookout. The evidence showed that the engineer could not see on account of the obstruction of the boiler. This part of the instruction is to be read with No. 3, and meant that those in charge of the engine must use ordinary care in discovering whether the deceased was ignorant of the approach of the train and was about to go on the track.

The second instruction has often been approved by this court. The rule in this State is that contributory negligence bars a recovery unless, notwithstanding the negligence of the person injured, and after his peril is perceived, or might by ordinary care be perceived, in cases like this, the defendant's servants could by ordinary care avoid injury to him. The traveler who by his own negligence puts himself in peril on a railroad track can not recover, unless the danger to him may be avoided by proper care on the part of the railroad after it has notice, actual or constructive, of the danger in which his negligence has placed him. If the train was by negligence running too fast, and the deceased was by negligence on the track, the injury would be due to the concurrent negligence of both the parties, and in such a case he can not recover for the negligence of the railroad company because, but for his own negligence, he would not have

been hurt; and where both parties have been negligent the law will not measure comparisons between them, and make the defendant responsible on the ground that its negligence was greater than his. It is said that the instruction should have been that the plaintiff could recover, although the intestate was negligent and but for his negligence would not have been injured, if those in charge of the train, after they saw his danger could have averted the injury to him by ordinary care if the train had been running at a proper rate of speed. This would be to lay down the rule of comparative negligence, and to hold that, although the intestate was negligent, there could be a recovery if the negligence of the defendant, and not his negligence, was the proximate cause of the injury. The rule has been so declared in some jurisdictions; but it has never been followed in this State. The proper speed of the train may be taken into consideration by the jury with the other facts shown by the evidence in determining whether the traveler used ordinary care in going upon the track as he did; and it is a question for them on all the evidence whether there was negligence on the part of the defendant, or negligence on his part but for which the injury would not have occurred. The rule insisted on by counsel has been followed in the case of infants too young to be charged with contributory negligence; but it is not applicable to other persons. See Lexington R. R. Co. v. Van Laden (Ky.), 107 S. W. 740, 32 Ky. Law Rep. 1047, and L. & N. R. R. v. McNary's Admr. (decided at this term), 108 S. W. 898, 32 Ky. Law Rep. 1266. The term contributory negligence implies the existence of negligence on the part of the defendant. But there would be no negligence of the defendant as to the speed of the train if the train was running at proper

speed; and. so it would follow,· if. the rule urged for appellant is adopted, that·the contributory negligence of the traveler·in such cases can only be relied on where there is no negligence of·the defendant.

Instruction 4 is taken from the opinion of this court in the case of L. & N. R. R. Co. v. McCombs, 54 S. W. 179, 21 Ky. Law Rep. 1235. It is insisted that it is contrary to the rule in this State that instructions must not single out facts or give undue. prominence to them. We do not think the instruction is liable to this objection. It has often. been held by this court that, where the crossing·is especially dangerous, it is incumbent on both the railroad company and the traveler to use increased care commensurate with the danger, and that the jury should be so instructed. It has also been held that a person who is intoxicated must use such care as a sober person of ordinary prudence would usually. exercise under like circumstances, and that the jury should be so instructed. L. & N. R. R. Co. v. Cummins, 111 Ky. 222, 63 S. W. 594, 23 Ky. Law Rep. 681; Covington v. Lee 89 S. W. 493, 2 L. R. A. (N. S.) 481, 28 Ky. L. R. 492; I. C. R. R. Co. v. Proctor, 122 Ky. 92, 89 S. W. 714, 28 Ky. L. R. 602. We do not see any substantial difference between the propriety of defining to the jury the care necessary where the crossing is especially dangerous, and where the danger arises, not from the character of the crossing, but from the infirmity of the person. Jurors would often be misled by the general form of the instruction, if the meaning which the law attached to the terms used under such circumstances was not pointed out to them.

The fifth instruction should not have been given; for it is incumbent on railroad trains to give proper warning of their approach, and, although deaf persons

may not hear them, other persons may, and thus save them from danger. But under the facts in this case the instruction was not prejudicial. In order for the plaintiff to recover he must not only show that there was negligence on the part of the defendant, but also that the injury occurred as the proximate result of such negligence; for he can not complain of negligence on the part of the defendant which in no way affected the injury complained of.

On the whole record we are satisfied that the jury came to the conclusion from the evidence that the death of the intestate was an unfortunate accident, due primarily to the fact that he was deaf and could not hear the train's approach or the signals given, and that, but for this, it would not have occurred.

Judgment affirmed.