## Smith, By &c. v. Paducah Traction Company.

(Decided February 15, 1918.)

Appeal from McCracken Circuit Court.

1. Trial—Instructions.—An instruction to the jury should not be given upon a subject not supported by the pleadings and not covered by the evidence.

2. Trial — Instructions — Contributory Negligence. — An instruction which tells the jury that if it believe from the evidence that the plaintiff, after being ejected from the street car, wrongfully and over the protest of the conductor climbs on the car as it is moving away and in doing so falls and is injured without any fault of the company, is not an instruction upon contributory negligence because contributory negligence can not exist without negligence on the part of the defendant.

HAL S. CORBETT, JAMES C. CHEEK and CHARLES H. MORRIS for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Charles N. Smith, a boy about twelve years of age, with two companions was returning from Sunday school when they boarded appellee's street car in Paducah, Kentucky. The other boys each gave the conductor a five cent piece as fare, and appellant gave him what he asserts was a five cent piece, but which the conductor rejected as a spurious coin. Thereupon, the conductor threatened to eject the boy unless he gave him a nickel as fare. The boy insisted that he had presented a good nickel. After some words the conductor stopped the car and put plaintiff off. When the car started again plaintiff climbed on the car over the protest and objection of the conductor, and in so doing either fell from the car or was pushed from the car by the conductor and was severely injured in his knees. The witnesses did not agree as to what took place just immediately before and at the time the boy fell from the car. The court submitted the case to

the jury and a verdict was returned in favor of the appellee company, and the injured boy prosecutes this appeal because of an alleged error of the trial court in giving instruction "X" to the jury. The other two instructions are conceded to be practically correct.

Plaintiff's petition charges negligence on the part of the company in ejecting the boy, and the answer is a traverse of the allegations of the petition. There is no plea of contributory negligence. Under this state of the pleadings appellant urges that the street car company was not entitled to an instruction upon contributory negligence, and objected to instruction "X," because, as appellant insists, it is in effect an instruction directing the jury to find for the company if appellant was guilty of contributory negligence. Where there is no plea of contributory negligence it is error for the trial court to give an instruction upon that subject. In the case of Louisville & Nashville Railroad Company v. Mattingly, 57 S. W. 620, it is held that where the company failed to plead contributory negligence it was not error for the trial court to refuse to instruct the jury upon that subject. It has been repeatedly held that instructions in civil cases must be confined to the issues made in the pleadings and such as are supported by evidence and no instruction is allowable which is not supported both by the pleadings and the proof. If, therefore, instruction "X" given upon the trial of this case amounted to one upon contributory negligence, then the trial court committed error. Instruction "X" directed the jury to return a verdict for the defendant company if they should believe from the evidence that after the boy was put off the car he attempted to and did get on the car while the same was in motion, and in doing so fell and was injured. This does not present the question of contributory negligence, because contributory negligence can not exist without negligence on the part of the defendant. Contributory negligence is defined to be the negligence of a plaintiff, which concurring and co-operating with the negligence of the defendant is the proximate cause of the injury. The term contributory negligence implies the existence of negligence on the part of the defendant. Hummer's Ex'tx v. L. & N. Railway Co., 128 Ky. 486.

Instruction "X," however, is not based upon any negligence of the defendant whatever. If the boy, after climbing back upon the moving car, fell off and was in-

jured without fault on the part of the street car company, it was the duty of the jury to find and return a verdict in favor of the defendant company, and this is the purport and extent of instruction "X." The plaintiff alleged negligence on the part of the defendant company and attempted to prove it; the company denied its negligence and introduced evidence tending to show that it was not guilty of the charge. In doing so, it was made to appear that the boy wrongfully climbed upon the car while it was in motion and by accident fell and injured himself. This evidence was competent under the traverse, and instruction "X" did no more than to submit this question.

Judgment affirmed.