## Wells, et al. v. Sheets.

(Decided February 26, 1926.)

### Appeal from Muhlenberg Circuit Court.

1.  Municipal Corporations—City Not Liable for Damage Caused by Polluted Drain Not Adopted as Sewer.—Plaintiff had no right of action against city for damage to his property, caused by polluted natural drain, which had been used by other property owners as sewer, where city had never officially adopted such drain as sewer, though it had constructed street crossing over it.

2.  Nuisance—Residents Using Natural Drain as Private Sewer Liable for Damage Occasioned.—Residents polluting natural drain by using it as private sewer, whereby cesspools were formed on land of another to his damage, held liable to such other for damage caused.

3.  Municipal Corporations—City Not Presumed to Adopt Natural Drain as Sewer, in Absence of Ordinance (Ky. Stats., Sections 3582-3587).—In absence of evidence that city of fourth class, in exercise of powers defined by Ky. Stats., sections 3582-3587, adopted natural drain as sewer by ordinance passed by board of councilmen and made matter of record, court will not presume that such action was taken.

4.  Pleading—Allegation that Drain was Used as Sewer with Consent of City Held Conclusion.—Defendants' allegation that they used natural drain as sewer "by the permission of the city," without showing when, how, and by whom such permission was granted, held a conclusion.

5.  Municipal Corporations—Allegations City Permitted Use of Drain as Sewer Held Immaterial in Action for Damages from Use.— In action against city and certain residents for damage resulting from pollution of drain, allegations of answer that city permitted use of such drain as sewer held immaterial, since permission was unnecessary if city had adopted drain as sewer, and it had no authority to grant such permission if it had not adopted it.

6.  Pleading—Allegation that Drain was Used as Sewer in Proper and Lawful Manner Held Conclusion.—In action for damages resulting from defendants' use of natural drain as sewer, defend-

ants' allegation that they used drain "in a proper and lawful man-
ner" held a concusion.

W. O. SMITH for appellants.

EAVES & SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought in the court below by the
appellee, W. M. Sheets, against the appellants Arthur
Wells and thirteen other persons named in the petition,
also the city of Central City, an incorporated munici-
pality of the fourth class, seeking to recover of them and
it, jointly and severally, damages to the amount of $3,-
000.00 for wrongfully and negligently creating and main-
taining, as alleged in the petition, a nuisance upon a lot
of ground in Central City owned by the appellee and
upon which he resides with his family, by wilfully and
negligently causing to flow and stand in cesspools thereon
and within twenty-five feet of his dwelling house the
waters of a natural drain running from their premises
on and across his lot within twenty feet of his house,
which the appellants, with the alleged knowledge and per-
mission of the authorities of Central City, so negligently
polluted with sewage from their homes and excrement
and other filth from their bathroom sinks and yard
privies, conducted in pipes or by other means into the
drain, that the waters thereof flowing through the ap-
pellee's lot and left standing thereon became infested
with mosquitos, other insects and disease germs and were
caused to emit foul odors, whereby, as further alleged,
the appellee's property was injured, his family's enjoy-
ment of their home seriously impaired and their health
and lives greatly endangered.

While the answer of the appellants' formally denied
the pollution by them of the drain and its waters in the
manner alleged in the appellee's petition, it attempted
to justify or excuse their use of the drain as a sewer by
therein alleging that the city of Central City had adopted
the same for that purpose and "had builded, constructed
and created the sewer complained of" as a part of the
sewerage system of the city, and that they (appellants)
used it as such by and with the permission of the city;
for which reason, as further alleged in the answer, the
city, and not the appellants, was liable to the appellee
for its insufficiency, if any, as a sewer, and likewise for
negligently constructing and maintaining it as such.

The city of Central City in its answer of several paragraphs to the appellee's petition, after traversing its affirmative allegations, substantially admitted that in 1907 it found it necessary to and did construct near the property of the appellants, one or more crossings over the natural drain or waterway in question where it was crossed by certain of its streets or alleys, 'but alleged that in doing so it left the same unobstructed and unchanged, and that it had not since constructed, or maintained, nor is it now maintaining, a sewer or other drainage in, on or along the drain, or on or across the lots of the appellants or that of the appellee.

Like denials and averments were made in a responsive pleading, styled a reply, filed by the city to the answer of the appellants; the affirmative allegations of which and those contained in the appellee's reply to the answer of the city and that of the appellants, were by agreement of the parties controverted of record. On the trial of the case in the court below, the appellants and Central City, at the conclusion of the appellee's evidence, separately entered a motion for a directed verdict in their and its behalf. The court overruled the motion of the appellants and sustained that of Central City, and the jury, in obedience to a peremptory instruction from the court to that effect, returned a verdict in behalf of the latter, upon which judgment was entered dismissing the action as to it. To each of these rulings the appellants excepted, and to the last an exception was taken by the appellee.

Thereafter, and at the conclusion of all the evidence heard on the issues affecting the rights of the appellee and appellants, the case was again submitted to the jury under instructions given them by the court, which resulted in a verdict whereby the appellee was awarded damages against the appellants in the sum of $650.00. The latter's complaint of that verdict and the judgment entered thereon led to their prosecution of the present appeal.

It appears from a plot found in the record and from the evidence heard on the trial that the appellee's lot containing the dwelling house in which he and his family reside, is situated on the north side of a street of Central City known as the Greenville and South Carrollton road and near its intersection with Second street, and beginning at a point between Fourth and Fifth streets of the city there is a natural drain or depression which extends

across Fourth, Third and Second streets; the point at which it crosses the latter street being at or very near that street's intersection with the Greenville and South Carrollton road, from which place it runs to and across the lot of appellee. The appellants all own and reside upon lots above that of appellee, the rear of each of which extends to and abuts on the drain.

It appears from the great weight of the evidence and seems to be admitted by the appellants that the drain in question is a natural drain, or waterway, over and through which all surface water that falls or collects in the territory surrounding and contiguous to it flows and escapes, and that it has always sufficiently served that purpose, or did so, as shown by the evidence, until the appellants converted it to the use complained of by the appellee; that is to say, until they began and continued to use it as a sewer for the disposal of all slops and garbage from their kitchen sinks and filth from their bath rooms, toilets and outside privies, which, following the fall in the bed of the drain and the natural flow of its water, ran down upon the appellee's lot and formed a cesspool in his front yard, the stagnant and polluted contents and filth of which emitted offensive odors and created a breeding place for disease germs, flies, mosquitos and like disease carrying insects, all to the great annoyance, discomfort and injury of the appellee and his family, and to the injury of his property.

The contention mainly urged by the appellants for the reversal of the judgment is, that the trial court erred both in the matter of overruling their motion for an instruction peremptorily directing the jury to return a verdict for them, and sustaining that of the defendant, Central City, for a like instruction in its behalf. This contention is bottomed on the theory that if the appellee had a cause of action at all for the injuries complained of, it was against the city alone. But we are unable to find that the evidence contained in the record supports this theory, for it goes no further than to show that the city of Central City in constructing crossings where the drain was crossed by certain of its streets, laid therein and under such crossings pipes to protect them and prevent the obstruction of the surface water accustomed to escape through the drain. There is, however, nothing in the evidence conducing to prove that the construction of the street crossing or laying of pipes thereunder were not necessary; that the work was negligently done, or that

by reason thereof the flow of the water or other contents of the drain was increased, or diverted from the usual course, or caused to overflow the abutting lots on either side thereof.

According to the evidence this natural drain, which, after all that is said about it, was and is only a small town ditch, has been appropriated and utilized by the appellants and, perhaps, a few other property owners as a private sewer, without the permission of the mayor or board of councilmen of Central City, some of whom had, prior to the institution of the appellee's action, from time to time, placed tiling in it along the rear of their premises, and all of whom by pipe lines or other means of drainage leading from their residences to it, have been and still are using it as a depository for the slops, garbage and other filth from their premises.

The appellants introduced no competent evidence tending to prove that the drain thus attempted to be converted by them into a sewer was ever created, adopted, used or controlled as such, through any action taken by the governing authorities of Central City, the governmental powers of which as a city of the fourth class with respect to matters of its construction, ownership and control of sewers and other public improvements; the making of contracts therefor and requiring that they be made and executed, as declared by ordinance duly adopted by its mayor and board of councilmen, and made a matter of record, are defined by the Kentucky Statutes, sections 3582 to 3587, inclusive. Considered in the light thrown upon it by the provisions of the several sections of the statutes, *supra,* the evidence found in the record wholly fails to sustain the appellant's contention that Central City "builded, constructed or created" the natural drain as a part of its sewage system; and in the absence from the evidence of a record, or duly authenticated copy thereof, showing its adoption as a sewer by an ordinance duly passed by the city's board of councilmen and made a matter of record, we will not presume that any such action was taken by the city, or its council.

Indeed, it would seem from the weight of authority that Central City could in no other way have adopted the natural drain as a part of its sewerage system than by properly recorded action of its board of councilmen to that effect. In City of Maysville v. Brooks, 145 Ky. 526, a case similar in character, as well as in its facts, to the

case at bar, in discussing the question here ·under consideration we said:

"In the case at bar there is in our opinion no competent evidence tending to show that the city of Maysville ever accepted or adopted this channel as a part of the city system of sewers. The channel was originally built by the individual property holders, and the extent of the city's connection with it or control over it has been to keep it cleaned and clear for sanitary purposes. The only records of the city council that refer, in any way, to this sewer, are three entries upon its minute book made in 1892, 1897 and 1900, all of which relate to the cleaning of the sewer for sanitary reasons. It is true that the city has constructed several manholes at different points along the sewer, but these were made for the purpose of affording an entrance into the sewer for the purpose of cleaning it. The only verbal testimony relating to acts upon the part of the city that might be construed into an acceptance or an adoption of the sewer, is found in the depositions of Sapp and Breslin. Sapp says that he· was working for the city in 1880; that some parts of the sewer were pretty badly filled up; some parts of it were pretty badly dilapidated, and that he cleaned it out and repaired it throughout. He further says that the walls or banks caved, and the walls had slipped, and he had to straighten them up. Breslin testifies that after the rain in April, 1908, and of which the appellee is here complaining, he put appellee's wall up and repaired the sewer from the Chunn property to the west. It will be remembered, however, that this was after the principal damage had been done, and the city, at appellee's request, was helping her all it could to replace her property in its original condition. . . . In our opinion this testimony amounts to no more than that of the other witnesses, who testified that the city has done no more than clean out the sewer from time to time for the purposes of sanitation. . . . The appellee's case, therefore, rests upon the single claim that the city of Maysville had adopted this sewer as its own and had ·negligently failed to keep it in proper repair."

In concluding the opinion, after a review of numerous authorities in this and other jurisdictions, it was de-

clared that the city's motion for a peremptory instruction should have prevailed, hence the judgment of the trial court was reversed.

In the more recent case of Price Brothers v. City of Dawson Springs, 190 Ky. 349, in which a recovery was sought for injury to property by overflows of water and sewage from a sewer alleged to have been negligently constructed and maintained by the city in such defective condition as rendered it insufficient to carry off the sewage and water from ordinary rainfalls that ran into and were intended to be carried off by it, we held (quoting from the syllabus which accurately expresses the meaning of the opinion):

"The legal obligation of a municipal corporation to construct sewers is one to be voluntarily assumed, and if it does not undertake to create a system of sewers it is not responsible for damages caused by freshets. But when the municipality assumes the obligation of constructing a sewer it must keep the same in good order and repair, and is liable in damages for injuries caused by its failure so to do." Ashby v. Port Huron, 35 Mich. 296; Harney v. Lexington, 130 Ky. 251.

It is patent from the evidence in this case and the rule announced by the authorities, *supra,* that the appellee had no cause of action against the city of Central City for the injuries complained of. Hence, the action of the trial court in sustaining the latter's motion for a directed verdict in its behalf and dismissing the action as to it, was not error.

It is in our opinion equally patent from the evidence that the injuries sued for by the appellee were caused by the wrongful and negligent acts of the appellants complained of in the petition; and, therefore, that the trial court's overruling of their motion for a directed verdict was not error.

The appellants' complaint of the rulings of the trial court in sustaining the motion of the defendant Central City to strike from their reply to its answer the second paragraph thereof, is without merit. In this paragraph it was alleged by the apppellants that they had used the drain as a sewer, "by the permission of the city and in a proper and lawful manner." Obviously, the statement that the appellants used the drain as a sewer by the permission of the city was a mere conclusion. As the city

could act only through its corporate officers and its acts as a municipality must be shown by its corporate records, the material facts as to when, how and by whom, the alleged permission was granted should have been set out, instead of the bare conclusion that the city permitted it to be done. Moreover, as a matter of law, the question of the city's permission was wholly immaterial. The vital question was whether the city had taken over or adopted the drain as a part of its sewerage system, if it had, permission to the appellants from the city to use it was unnecessary. If, however, the city had not adopted the drain as a sewer it was without authority to grant such permission. It is likewise true that the averment that the appellants used the drain "in a proper and lawful manner" was clearly a mere conclusion of the pleaders. Whether the use was exercised in a "proper and lawful manner" was a question to be determined by the character of the use, the facts with reference to which were not alleged. Hence, it follows that the action of the trial court in striking from the reply the paragraph in question was not error.

The single instruction given by the court to the jury meets with no objection from the appellants, and could not properly be complained of, as it presented for the guidance of the jury all the law of the case.

No reason being shown for disturbing the verdict, the judgment is affirmed.