## City of Prestonsburg v. Mellon, et al.

(Decided June 24, 1927.)

Appeal from Floyd Circut Court.

1. Municipal Corporations.—Property owner was not entitled to recover damages from city for overflow of property resulting from alleged insufficient draintile installed by nearby landowner, unless city negligently authorized construction of draintile or adopted it thereafter as part of sewerage system.

2. Municipal Corporations.—In action against city for damages resulting from overflow of plaintiff's property through construction

by private citizen of insufficient draintile, question whether city adopted draintile could be determined only from records.

3. Muncipal Corporations.—Governing body of municipal corporation can speak only through its records.

4. Appeal and Error.—In property owner's action against city for damages from overflow resulting from insufficient draintile installed by third party, which it did not appear city authorized or adopted, remarks of court in presence of jury, "Why didn't they fix it right in the first place? That is the trouble with the city now, laying out to keep from doing anything; . . . it is the duty of the city to see that these things are put in right," held prejudicial error.

5. Trial.—Instructions should confine questions for jury's determination to pleadings, and must not authorize recovery on issue not raised by pleadings.

6. Witnesses.—Leading questions should be excluded, where objected to.

7. Evidence.—Witness, who ddi not appear to have any information on subject of cost of remedying draintile, was not qualified to testify as to whether tile could be remedied at reasonable expense.

8. Pleading.—Evidence in regard to issues not raised by pleadings is inadmissible.

9. Trial.—Where, in action for damages to property from overflow alleged to be caused by defective tile on nearby property, sole evidence as to damages related to difference between value of plaintiff's property before and after construction of draintile, instruction submitting question of temporary injury held improper.

10. Trial.—Trial judge should be very careful to say no more than is necessary to decide questions presented, and should avoid side remarks or expressions of opinion.

11. Municipal Corporations.—In action against city for damages to property from overflow claimed to have resulted from insufficient draintile installed by third party, evidence held insufficient to make issue for jury on question of whether city originally authorized or subsequently adopted draintile.

JOE HOBSON and ALEX H. SPRADLIN for appellant.

CLAUDE P. STEPHENS and JOS. P. TACKETT for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Prestonsburg is a city of the fifth class. The appellees own a house and lot in that city. The instituted a suit against the city, James Nunnery, and the Colonial Coal & Coke Company, in which they sought to recover damages for an alleged injury to their property. The basis of their complaint is that James Nunnery put in a draintile on his lot which was too small and too high above the surface of the ground to carry off the water

which accumulated above a certain culvert and the property of Nunnery. They alleged that, because the water could not flow through the draintile, it backed up and overflowed their property.

The lot belonging to appellees is 50 feet by 200 feet in dimensions, and they have a five-room house on the lot in which they live. There is also a barn and smokehouse on the lot. Appellees have continued to live in the property. A part of their lot is low, and, before putting in of the draintile complained of, the back part thereof was occasionally covered with water as the result of heavy rains. It appears that a small portion of their lot was almost continuously covered with water. The property of Nunnery is located about 200 feet from the property of appellees. He undertook to put in a draintile and connect with a culvert located near by. The theory of appellees is that, while the draintile was put in the Nunnery lot, the city had accepted it and had ratified his acts in putting it in.

The court required appellees to elect against whom their action should be prosecuted, and they elected to prosecute it against the city. The city defended on the ground that it was not responsible for the putting in of the draintile, and that it had not adopted it as a part of its sewerage system. It further defended on the ground that the draintile was constructed in a skillful and workmanlike manner and was sufficient to carry off all accumulating surface water except in case of extraordinary rains. All the material allegations in the petition were denied. A trial resulted in a verdict for $1,200 in favor of appellees.

If the city negligently constructed the draintile or adopted it as a part of its sewerage system after it was constructed, and as a result of such negligence the property of appellees has been damaged, they are entitled to recover. We find no complaint made about the culvert. The evidence is directed towards showing that the draintile leading into the culvert was too small, and was not properly constructed. If the city of Prestonsburg did not authorize the construction of the draintile and did not adopt it thereafter as a part of its sewerage system, it cannot be held responsible for the private acts of one of its citizens in putting in the draintile.

It was held, in the City of Maysville v. Brooks, 145 Ky. 526, 140 S. W. 665, that the legal obligation of a muni-

.cipal corporation to construct sewers is one to be volun
.tarily assumed, and that, if the city does not undertake
to create a system of sewers, the city is not responsible
for damages which may be caused by heavy rains.  To
the same effect is the case of Price Bros. v. City of Daw
.son Springs, 190 Ky. 349, 227 S. W. 470, and Wells v.
.Sheets, 213 Ky. 438, 281 S. W. 159.

In the last-cited case the court held that the citizens
who were seeking to recover damages from the city had
introduced no competent evidence tending to prove that
the drain attempted to be converted by them into a sewer
was ever created, adopted, used, or controlled as such
through any action taken by the governing authorities of
the city.  The court held in effect that these things could
not be proven except by showing that the city had declared by ordinance, duly adopted and made a matter of
record, that the drain had been adopted as a part of the
.sewerage system of the city.

We find no evidence in the record showing that the
city had anything to do with the putting in of the draintile.  Nunnery appears to have put it in.  The governing
body of a municipal corporation can speak only through
its records.  County Board of Education Warren County
v. Durham, 198 Ky. 733, 249 S. W. 1028.  There is nothing
in this record which shows that the city of Prestonsburg
officially or otherwise adopted this draintile as a part of
its sewerage system.

Complaint is made that the trial court made remarks,
in the presence of the jury, in ruling on the evidence,
which were prejudicial to appellant.  During the examination of the witness, the court made this remark:

> "What has that got to do with it, the kind of
> water?  Why didn't they fix it right in the first place?
> That is the trouble with the city now—laying out to
> keep from doing anything."

This was excepted to.  At another time the court
:said:

> "Suppose Jim did put it in.  It is the duty of
> the city to see that these things are put in right."

These remarks should not have been made by the
court.  They were prejudicial.  Searcy v. Commonwealth,
188 Ky. 422, 222 S. W. 513; Massie v. Commonwealth, 24
S. W. 611, 15 Ky. Law Rep. 562; Strange v. Common

wealth, 64 S. W. 980, 23 Ky. Law Rep. 1234; Coffin v. Brown, 94 Md. 190, 50 A. 567, 55 L. R. A. 732, 89 Am. St. Rep. 422.

The instructions should have confined the question for determination by the jury to the pleadings. They should not have authorized a recovery against the appellant on an issue not raised by the pleadings. L. & N. Railway Company v. Crow, 107 S. W. 807, 32 Ky. Law Rep. 1145; Paducah Traction Company v. Walker's Adm'r, 169 Ky. 721, 185 S. W. 119; Smith v. Paducah Traction Company, 179 Ky. 322, 200 S. W. 460.

The testimony given by Will Mellon as to whether the draintile could be remedied at a reasonable expense was incompetent because the question was leading, and the objection to it should have been sustained by the court. In addition, the record does not show that Will Mellon had any information on the subject which would enable him to testify as to whether the defect, if any, could be remedied at a reasonable expense. Besides, the pleadings do not raise this issue. Evidence in regard to an issue not raised by the pleadings is inadmissible. Webb v. Webb, 200 Ky. 488, 255 S. W. 137. The evidence as to the amount of damage was based upon the theory that the draintile was a permanent structure. We find no evidence in the record as to damages except the difference between the value of the property before the draintile was constructed and the value of the property thereafter. As the evidence was directed to the establishment of the difference in the value of the property before and after putting in of the draintile, it does not appear that an instruction should have been given on the question of temporary injury.

If there was no reason why the case should be reversed other than the remarks of the trial judge, that would be amply sufficient. When the Great Teacher said: "Let your communication be yea, yea; nay, nay; for whatsoever is more than these cometh of evil"—His remarks must have been directed at a trial judge, for they are peculiarly applicable to the presiding judge in any case. He should be careful to say no more than is necessary to decide the questions presented to him. Side remarks or the expression of opinion coming from the trial judge are calculated to have great weight with the jury. The appellant was entitled to a peremptory instruction on the record as made, as there was no competent proof

showing that it was in any way responsible for the putting in of the draintile which caused the flooding of appellees' property. If at another trial there is no competent evidence showing that appellant either put in the draintile or thereafter ratified what was done or thereafter adopted it as a part of the sewerage system of the city, the court should direct the jury to return a verdict in its behalf.

Judgment is reversed, and cause remanded for proceedings consistent with this opinion.