## Gill v. Sable Hide & Fur Company.

(Decided March 20, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Trial.—In action (by woman for injuries sustained by tripping over skids on sidewalk, instruction that, "if you believe from the evidence that the eyesight of the plaintiff was impaired so as to prevent her from seeing substantial objects a reasonable distance ahead, then ordinary care, as that term is applied to the plaintiff, means that degree of care usually exercised by ordinarily careful and prudent persons with such eyesight as the plaintiff possessed under like or similar circumstances," held not erroneous, as giving undue prominence to her defective eyesight.

2. Negligence.—Rule that woman having defective eyesight must exercise "ordinary care," which is such care as person of ordinary prudence usually exercises under like circumstances, necessarily includes all circumstances surrounding person and time.

ROBERT HUBBARD for appellant.

SELIGMAN & SELIGMAN and CHARLES W. MORRIS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Joseph B. Snadig, under the name of the Sable Hide & Fur Company, does a tallow and hide business in Louisville, Ky., on Market street, between Floyd and Brook. On June 23, 1926, he was shipping 10 barrels of tallow. A wagon was backed up to the curb in front of the store, and two skids were extended from the back of the wagon towards the door of the house. The sidewalk was about 12½ feet wide. The skids were about 10 feet long, so that only about 2½ feet of the sidewalk were not obstructed by the skids. In this condition of things, Mrs.

Elizabeth Gill walked up the street; she was walking rapidly, looking ahead for her husband. She did not see the skids, and fell over them, hurting herself seriously. She brought this action to recover for her injury. The jury to whom the case was submitted returned a verdict for the defendant. She appeals.

The only complaint on the appeal is that the court erred in giving the jury instruction 3, which is in these words:

" 'Ordinary care,' as that term is applied to the defendants, their agents, servants, and employes, means that degree of care usually exercised by ordinarily careful and prudent persons under like or similar circumstances.

"If you believe from the evidence that the eyesight of the plaintiff was impaired so as to prevent her from seeing substantial objects a reasonable distance ahead, then ordinary care, as the term is applied to the plaintiff, means that degree of care usually exercised by ordinarily careful and prudent persons with such eyesight as the plaintiff possessed under like or similar circumstances.

" 'Negligence' is the failure to exercise ordinary care."

There was evidence that the plaintiff's eyesight was not good, and it is insisted that the instruction unduly gave prominence to her defective eyesight. But the instruction did not tell the jury that, if her eyesight was impaired, she should use greater care than a person who had good eyesight. It simply told the jury that she was required to exercise that degree of care usually exercised by ordinarily careful and prudent persons under like circumstances, with such eyesight as she had. This left the whole question to the jury. The instruction only advised them that she should exercise that degree of care which other persons situated as she was would ordinarily exercise under like circumstances. It states a correct principle of law.

The rule that ordinary care is such care as persons of ordinary prudence usually exercise under like circumstances necessarily includes all the circumstances surrounding the person at the time. To illustrate: If the person is eight years old, he is required to exercise only the care that may be reasonably expected of one who is of like age, Chess, etc. v. Gohagan, 105 S. W. 890, 32 Ky. Law

Rep. 372; Louisville, & N. R. Co. v. Steele, 179, Ky. 605, 201 S. W. 43, L. R. A. 1918D, 317; or if the person has knowledge of the facts, he must exercise such care as a person with such knowledge as he has would usually exercise; or if a person is deaf, he, where signals may be expected, should use such care as a person of like impaired hearing would under like circumstances ordinarily use, and the jury may be so instructed, Hummer v. L. & N. R. Co., 128 Ky. 486, 108 S. W. 885, 32 Ky. Law Rep. 1315; or if he is drunk such care as a sober person would use, L. & N. R. Co. v. Cummins, 111 Ky. 333, 63 S. W. 594, 23 Ky. Law Rep. 681. The words "under like or similar circumstances" include all the circumstances under which the act in question is done, and no substantial error was committed by the court in giving the instruction.

Judgment affirmed.