# City of Irvine v. Smith et al.

May 27, 1947.

E. B. Beatty, Judge.

Shumate & Shumate for appellant.

S. H. Rice for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Broadway Street in Irvine lies between the Kentucky River on the south and a mountain on the north. Hudson Street runs in a southerly direction and its intersection with Broadway forms more or less of a right angle. A natural ravine from the mountain to the river approximately parallels Hudson Street. Before the streets in that section of Irvine were constructed and paved several property owners laid tiling in the ravine where it crossed their lots, filled it over and built houses on the lots. Through mesne conveyances the appellees became the owners of a house and lot facing on Broadway under which the tiling ran. When the streets and alleys which parallel Broadway were constructed and paved the city put culverts under them which were connected with the private sewer lines. Catch basins and manholes were constructed in the streets and alleys. In the case of City of Irvine v. Gallagher, 230 Ky. 347, 19 S. W 2d 968, we referred to the sewer line running under the Smith property as a private sewer, which we think it

then was and now is, for reasons hereinafter stated. In the Gallagher Case the City was held to be liable for permitting sewage to be emptied from the private line into the culvert or sewer crossing Broadway and which was then emptied upon the property of Gallagher.

In the case at bar the appellees were awarded damages in the sum of $500 because of a break in the sewer under their house which flooded their basement. Several grounds are urged for reversal, one of them being that a verdict should have been directed in favor of the City on the theory that the damage was caused by the eruption of a private rather than a public sewer. Being in accord with this view, we shall confine our consideration of the case to that question.

At no time have any official steps been taken by the City to appropriate or dedicate the privately constructed sewers to public use. True it is that its culverts or sewers crossing the streets were connected with the private sewers in the ravine. We do not think, however, that this fact alone constituted a dedication of the private sewers to the public use. The culverts and sewers constructed by the City were placed so as to catch the surface water as it drained naturally, and it was only logical that they be connected with the private sewers rather than to permit them to empty on the property of the abutting property owners.

There is some indication that the parties, principally the City, sought to work out an agreement relative to the reconstruction of the sewer line, but this of itself would in no sense attach liability to the City. Likewise, the fact that on one or more occasions the City had made repairs on the private sections of the sewers did not constitute a dedication to public use as we will note hereinafter.

The City relies principally upon the case of City of Maysville v. Brooks, 145 Ky. 526, 140 S. W. 665. In that case private individuals had built a sewer in a natural drain; however, it had been kept clean by the city for several years and had been repaired on occasions by it, the principal repair having been made after a very heavy rain and at the request of a property owner. It was held that the evidence was insufficient to show an acceptance or adoption of the sewer as a part of the

city system. In the case of Wells v. Sheets, 213 Ky. 438, 281 S. W. 159, it was pointed out that Central City could not adopt a natural drain as a part of its sewer system, except by appropriate record action by its board of councilmen to that effect. See also City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S. W. 1064.

As we have indicated heretofore, we think the judgment should be and it is reversed with directions to set it aside, and for the giving of a peremptory instruction in favor of the City if the evidence be the same on another trial.