COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Helen M. BURTON et al., Appellees.

Court of Appeals of Kentucky.

Jan. 28, 1966.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Madisonville, for appellant.

David C. Brodie, Calvin R. Robinson, Owensboro, for appellees.

HILL, Judge.

This is an appeal from a judgment of $48,000 awarded for 16.48 acres taken from appellees' 188-acre farm adjacent to the city of Owensboro for use in the construction of the Owensboro Beltline. We are told that the judgment should be reversed because (1) appellees' witnesses based their opinions upon sales of noncomparable properties, and (2) the trial court made prejudicial remarks in the presence of the jury.

The witnesses on evaluation gave opinions relative to the before and after values as follows:

### APPELLEES

|           | Before    | After     | Difference |
|-----------|-----------|-----------|------------|
| Hardesty  | $282,000  | $224,000  | $48,000    |
| Brown     | 226,000   | 176,000   | 50,000     |
| Shelton   | 315,000   | 250,000   | 65,000     |
| Barnes    | 241,000   | 192,640   | 48,340     |

### APPELLANT

|           | Before    | After     | Difference |
|-----------|-----------|-----------|------------|
| Legrand   | $188,500  | $172,000  | $16,500    |
| Laswell   | 199,650   | 184,818   | 14,850     |

Appellant argues that the testimony of its witnesses is entitled to greater weight because appellees' witnesses relied on sales of smaller tracts, and that smaller

tracts ordinarily sell for a greater amount than larger tracts. We cannot say, as a matter of law, that the size of the tract is absolutely determinative. This, we believe, was a matter for the jury. In fact, it seems to us this case is unique in that all witnesses for appellant and for appellees relied on sales they considered and testified were comparable to the subject property, and so listed them with dates, number of acres, amounts of sale price, and the name of the grantees, all of which was for the benefit of the jury. The amount of the verdict was well within the testimony, and we cannot say the amount thereof strikes the mind at first blush as having been arrived at by passion, prejudice, or partiality.

Finally, appellant urges that comments of the trial judge were prejudicial to it. When appellees' witness Shelton was called, the following occurred:

"Q. 1 Mr. Shelton, I am having a little trouble with my voice. I want you to talk out so that these people can hear you.

"A. Yes, Sir.

"Q. 2 Your name is M. C. Shelton?

"A. That is right.

"Q. 3 Mr. Shelton, what is your age?

"THE COURT: Just a minute. Have you been sworn Mr. Shelton?

"MR. SHELTON: No, sir.

"MR. BRODIE (counsel for appellees): I don't know whether it will make any difference whether he has been sworn or not.

"THE COURT: I don't either, but it is customary. (At this point the witness was sworn by the Court.)"

Later, in the course of the trial, objection was made to the above remarks by the court, and in appellant's motion to strike those remarks, in which appellees joined, the court stated: "You are not prejudicing your case. The Court does not consider it prejudiced in either way. Prejudicial is the word I want to use. It is not prejudicial. Let's go forward." We conclude these remarks were improper but were not prejudicial to appellant.

It has been the practice in Kentucky from time immemorial to limit the comments of trial judges in the presence of juries. While this rule does not prevail in federal district courts, we offer no comment at this time either in support of or in abrogation of the Kentucky rule. In the face of reality, however, it may be well to quote the following from City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064 (1927):

"When the Great Teacher said: 'Let your communication be yea, yea; nay, nay; for whatsoever is more than these cometh of evil'—His remarks must have been directed at a trial judge, for they are peculiarly applicable to the presiding judge in any case."

It is possible the remarks of the trial judge were interpreted by some or all of the members of the jury as an attestation by the trial judge of the veracity of the witness Shelton. However, the verdict of the jury should not be disturbed on a possibility of error. It is apparent the jury paid little heed to the testimony of Shelton for they fixed the before value of appellees' farm $74,000 less, the after value $57,000 less, and the difference $17,000 less than Shelton fixed those amounts.

Wherefore the judgment is affirmed.