Larry HEITZMAN; Sherry Heitzman; Jerry Keathley; and Denise Keathley, Appellants,

v.

SANITATION DISTRICT NO. 1 OF CAMPBELL AND KENTON COUNTIES; and the City of Covington, Appellees.

No. 1999–CA–000057–MR.

Court of Appeals of Kentucky.

Aug. 11, 2000.

Robert E. Blau, Cold Springs, for Appellants.

Arnold Taylor, Wm. T. Robinson III, Covington, for Appellee, Sanitation District No. 1 of Campbell and Kenton Counties.

Stephen T. McMurtry, Covington, City of Covington.

BEFORE: DYCHE, JOHNSON, and TACKETT, Judges.

## OPINION

DYCHE, Judge:

Appellants, Larry and Sherry Heitzman and Jerry and Denise Keathley, appeal an order of the Kenton Circuit Court granting summary judgment in favor of Sanitation District No. 1 of Campbell and Kenton Counties and the City of Covington absolving those entities of any liability for damages sustained by the Heitzman and Keathley real estate. Based on the record and applicable law, we affirm.

The Heitzmans and Keathleys own neighboring residential real estate located at 3027 West 28th Street and 3025 West 28th Street, respectively, in Covington, Kentucky. In early October 1995, the residences sustained substantial damage from the backup of sanitary sewage in their basements. The parties complained to the District which undertook a series of investigations into the problem. Ultimately, it was determined that the backup was the result of a collapsed residential lateral sanitary sewage line which ran from the Heitzmans's property to a 48 inch combination trunk line.[1]

The Heitzmans and Keathleys attempted to alleviate the offending situation through the construction of new residential laterals to an equally new eight inch sewer trunk line which had been installed by the District. Thereafter, the Heitzmans and Keathleys continued to have sewage backup in their basements. Further investigation revealed that the collapsed lateral line not only serviced their homes but six other "upstream" residences. Therefore, although the prior remedy prevented their sewage from seeping into the basements, it did not assuage the flow of their "upstream" neighbors' storm water and sewage from entering their residences.

On April 19, 1996, the Heitzmans and Keathleys filed suit in the Kenton Circuit Court seeking monetary damages from the District and City for the injuries sustained by themselves and their respective properties as a result of the sewage flooding. By order dated June 25, 1998, the court entered summary judgment in favor of both the District and City. As grounds therefore, the court concluded the lateral line in question was the private property of the complaining parties. The court reasoned as follows:

On April 22, 1998, the Sanitation District deposed Gary R. Richardson, the person listed by the Plaintiffs as an expert and whose Affidavit was filed in

---

1. A "combination trunk line" is a combined storm water and sanitary sewage line.

opposition to the Motion for Summary Judgment. In his deposition, Mr. Richardson testified that the lines in question could not be constructed in the same manner today and if such a series of lines was constructed today, they would be considered public lines. However, Mr. Richardson testified, at 91:

Q. Well, but we're not talking about a newly installed system. I'm talking about the system that existed prior to the complaint that the Heitzmans and Keathleys made. Are you saying that at the moment their problems began, using whatever date that was, that the lines behind their houses were public lines?

A. No, I didn't say that.

Q. Then they were private lines?

A. If you want a yes or no answer that they were private lines, yes.

Consequently, the only issue of material fact, that is, the status of the sewer lines on the Heitzman property, is no longer a genuine issue of material fact. The Plaintiff's own expert has testified that they were private lines.

This appeal follows.

Several grounds for reversal are urged on appeal. First, it is argued that the contradiction between the statements in Mr. Richardson's affidavit versus his deposition give rise to a genuine issue of material fact. The second contention is that since the City maintained its storm drain which emptied into the lateral line, it is liable for the damage to same. Third, the Heitzmans and Keathleys posit that, in requesting the District to further investigate the "upstream" drainage situation, the City admitted the public nature of the lateral line.

■ Before this Court, the standard of review for summary judgment remains "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996). No deference need be afforded the trial court's decision as factual findings are not at issue. *Hibbitts v. Cumberland Valley Nat'l Bank & Trust Co.*, Ky.App., 977 S.W.2d 252, 253 (1998) (citation omitted).

■ The first argument on appeal is unpersuasive. To the contrary, the contents of Mr. Richardson's affidavit collectively state that he believed the City/District improperly installed and connected the storm water drain to the lateral line and, therefore, should be responsible for any damage to property and the cost of repair. When questioned on the substance of this affidavit during his deposition, Mr. Richardson admitted the sources of his information, hence conclusions, were the Heitzmans, Keathleys, and another neighbor. He did not consult any additional source nor did he have any prior personal information regarding the drainage system in question. Conversely, when directly questioned regarding the status of the lateral line, i.e., whether it was "public" or "private," Mr. Richardson relied on his own expertise in answering that the lateral line was private property. As such, we glean no contradiction respecting this testimony.

■ Secondly, the fact that the City connected the storm water drain to the privately owned lateral line does not convert the latter to a public system, nor impose liability on the City for its repair. Rather we believe the Court's ruling on this issue in *City of Irvine v. Smith*, 304 Ky. 868, 202 S.W.2d 733 (1947), is controlling. The Court succinctly stated:

At no time have any official steps been taken by the City [to] appropriate or dedicate the privately constructed sewers to public use. True it is that its culverts or sewers crossing the streets were connected with the private sewers in the ravine. We do not think, however, that this fact alone constituted a dedication of the private sewers to the public use. The culverts and sewers constructed by the City were placed so

as to catch the surface water as it drained naturally, and it was only logical that they be connected with the private sewers rather than to permit them to empty on the property of the abutting property owners.

202 S.W.2d at 734.

It is our opinion the present case falls squarely within the rule pronounced in *Smith, viz,* that the City's use of a private sewer line for the purpose of diverting storm water does not appropriate or dedicate that private line to a public use for which the City would bear responsibility.

The *Smith* Court equally addressed the Heitzmans' and Keathleys' third argument before this Court. With regard to the City's willingness and attempt to accommodate the property owners, the *Smith* Court held as follows:

There is some indication that the parties, principally the City, sought to work out an agreement relative to the reconstruction of the sewer line, but this of itself would in no sense attach liability to the City. Likewise, the fact that on one or more occasions the City had made repairs on the private sections of the sewers did not constitute a dedication to public use as we will note hereinafter.

*Id.*

As evidenced by the above discussion, we believe the trial court correctly concluded there was no genuine issue of material fact to be adjudicated. As such, the order of the Kenton Circuit Court is affirmed.

ALL CONCUR.