**Opinion filed August 1, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00260-CR

_____

## DESTRA DESHAWN COOK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9890-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Destra Deshawn Cook of sexual assault of a child under the age of seventeen, and it assessed punishment at confinement for thirty-five years. The trial court sentenced Appellant accordingly. Appellant challenges

(1) the sufficiency of the evidence to support his conviction and (2) the trial court's refusal to instruct the jury on the defense of "mistake of fact." We affirm.

## I. *Background*

Appellant was twenty-nine years old when he and the victim engaged in sexual intercourse. The victim's sister told Appellant that the victim was nineteen. When the victim's father learned that his sixteen-year-old daughter had engaged in sex with a twenty-nine-year-old man, he took her to the police station. The victim told the police that she had not had sex with Appellant because she did not want to "get him into trouble." She later admitted that she had sex with Appellant three or four times before she reached the age of seventeen and several times after she turned seventeen. After he was arrested, Appellant gave a statement to police. Although Appellant claimed that he did not have sex with the victim again after learning her true age, he admitted that they had sex before she turned seventeen.

## II. *Analysis*

### A. Evidence of Penetration

We first discuss Appellant's second issue on appeal. In his second issue, Appellant argues that the evidence is insufficient to support his conviction. Specifically, Appellant maintains that there was a variance in the proof on penetration and the allegations in the indictment and that the evidence was insufficient to sustain his conviction because the prosecution never explained what "having sex" meant. Appellant concedes, however, that in this case, "it is not so much a variance as it is a total absence of evidence."

We review a challenge to the sufficiency of the evidence under the same standard, regardless of whether it has been presented as a legal or a factual sufficiency challenge. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the standard in *Jackson v. Virginia*, we review all of the evidence in

the light most favorable to the verdict and determine whether any rational trier of fact could have found, beyond a reasonable doubt, that Appellant penetrated the victim's female sexual organ with his male sexual organ. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We afford almost total deference to the jury's credibility determinations and resolve any inconsistencies in the evidence in favor of the verdict. *Id.* at 326; *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

A variance is a discrepancy between the proof and the allegations in the charging instrument. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). The State had to prove, as alleged in the indictment, that Appellant knowingly and intentionally caused his sexual organ to penetrate the child's sexual organ. The victim told the jury over ten times that Appellant "had sex" with her. The victim testified that she and Appellant "had sex" in a motel and at her father's home and that she and Appellant "had sex" three times before she turned seventeen. The victim's mother testified that she continually reminded her older daughters that the victim "is way younger and cannot be doing the things they do," like "[d]rinking" and "being with men." In addition, the evidence showed that Appellant told the police: "I used protection that night, so therefore, if y'all got anything else, it was not from me." Appellant also told the officers that, if he had known the victim was sixteen, he would not "have slept with her."

In his brief, Appellant specifically contends that "[t]he State's position must be that 'having sex' necessarily implies that the male sexual organ [is] penetrating the female sexual organ" and compares this to "former President Clinton's statement: 'I never had sex with that woman.'" Appellant's contention rests on the fact that "the American people believe that having sex can mean a wide variety of things." Appellant argues that the term "sex" is too general to support the conviction here because "'having sex' has such a flexible meaning to include oral

3

sex, anal sex, and vaginal sex." Logically, this argument goes against Appellant's position. Based on this argument, when someone claims that he "did not have sex," the listener understands this to mean that he did not have vaginal sex, and an ambiguity exists about whether this also means that no other sex acts occurred. So, when someone claims that he "had sex," it is reasonable to conclude that the listener understands this to mean that he had vaginal sex, and it is ambiguous whether any other sex acts occurred. Moreover, he would not be subject to prosecution for the same offense but, rather, for different offenses because these three acts constitute separate offenses when committed against a child. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999) ("the Legislature intended that each separately described conduct [in Section 22.021 of the Penal Code] constitutes a separate statutory offense."). There is no variance, and we will now consider Appellant's alternative contention that there is "a total absence of evidence" to support the jury's verdict.

A rational jury could have determined that the phrases "had sex," "used protection," and "slept with her" were references to sexual intercourse and to the penetration of the female sexual organ by the male sexual organ. *See Obrien v. State*, No. 11-07-00201-CR, 2009 WL 875458, at *6 (Tex. App.—Eastland Apr. 2, 2009, pet. ref'd) (mem. op., not designated for publication) ("A rational jury could have determined that by 'oral pleasure' appellant's stepson was referring to oral sex and to the penetration of mouths by sexual organs."). Jurors may read statutory language as meaning anything that is acceptable in common parlance. *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Viewing the evidence in the light most favorable to the verdict, we agree with Appellant that there is no variance in the proof and conclude that a reasonable factfinder could have found beyond a reasonable doubt that Appellant committed the offense of sexual assault of a child as alleged in the indictment. *See Watson v. State*, 548

4

S.W.2d 676, 679 (Tex. Crim. App. 1977) (holding victim's testimony that defendant had "sexual intercourse" with her was sufficient evidence of penetration); *Clay v. State*, 518 S.W.2d 550, 552 (Tex. Crim. App. 1975) (holding victim's testimony that defendant "raped me" was sufficient evidence of penetration); *see also Smith v. State*, 60 S.W.3d 885, 890 (Tex. App.—Amarillo 2001, no pet.) ("One can reasonably infer that to have sex, there is penetration of the female sex organ."). We overrule Appellant's second issue on appeal.

*B. Instruction on "Mistake of Fact"*

In his first issue, Appellant claims that the trial court committed reversible error when it failed to instruct the jury on the law of "mistake of fact." Appellant cites the Model Penal Code and argues that "the defense of mistaken belief should be available when the critical age is more than ten years of age."

Trial courts must submit a written charge to the jury that sets forth "the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). To prove that Appellant committed the offense of sexual assault of a child, the State had to prove he intentionally or knowingly caused the penetration of the female sexual organ of a child with his male sexual organ. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(C) (West 2011). The statute does not require the State to show that Appellant knew the victim was younger than seventeen years of age. The Court of Criminal Appeals has explained that ignorance and mistake are not valid defenses for sexual offenses involving children. *Vasquez v. State*, 622 S.W.2d 864, 866 (Tex. Crim. App. [Panel Op.] 1981). To support his argument, Appellant relies on Section 213.6, comment 2 of the Model Penal Code. Appellant has presented no authority showing that Texas has adopted the Model Penal Code, and we are not aware of any. The trial court properly refused to submit an instruction on mistake of fact. Appellant's first issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 1, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.